STATE ex rel. GAYLORD FARMERS CO-OPERATIVE
CREAMERY ASSOCIATION v. DISTRICT COURT
OF SIBLEY COUNTY.[1]

February 19, 1915.

Nos. 19,170—(303).

**Workmen's Compensation Act — income for dependent next of kin.**

1. The purpose of part 2 of the Workmen's Compensation Act was to secure the widow, or dependent next of kin, of an employee who should meet an accidental death while engaged in the line of his employment, a percentage income based upon their pecuniary loss, and the salary or compensation actually received by such employee at the time of his death represents such loss.

**Same — net income of servant.**

2. Where an employer pays to an employee having general charge of the affairs of the employer's business a fixed sum of money each month, from which the employee is required to pay an assistant, if one is employed by him to assist in the work, such sum as may be agreed upon between the employee and the assistant, the sum so paid the assistant forms no part of the salary or compensation of the employee, and in determining the salary of such employee the amount paid the assistant must be deducted from the total amount paid by the employer.

Upon the relation of the Gaylord Farmers Co-operative Creamery Association this court issued its writ of *certiorari* directed to the district court for Sibley county to review the proceedings of that court, Morrison, J., in the matter of the compensation demanded by his widow for the death of L. II. Kuhlman, wherein it was found that she was entitled to a sum equal to 35 per cent of decedent's monthly salary, that is, to monthly payments of $38.50 for not exceeding 300 weeks. Remanded with directions.

*George A. & C. H. MacKenzie,* for relator.
*Rieke & Hamrum,* for respondent.

1 Reported in 151 N. W. 182.

BROWN, C. J.

Relator is a corporation, organized under the laws of this state, and engaged in operating a creamery in Sibley county. For some years prior to his death L. H. Kuhlman was in the employ of the company in the capacity of general manager of its affairs, clothed with full authority in respect thereto. Kuhlman met an accidental death on June 13, 1914, while engaged in the line of his employment, and his widow brought proceedings to recover the compensation provided for by part 2 of the Workmen's Compensation Act. The trial court found the facts as here stated, and that at the time of his death Kuhlman was receiving the sum of $110 per month, as wages for the services rendered by him, and judgment was ordered in favor of the widow on that basis, as provided for by the statute. Section 14, c. 467, p. 681, Laws 1913. Judgment was so entered and the company brought the cause to this court by *certiorari,* assigning as error the finding that Kuhlman was at the time of his death receiving a salary of $110 per month. Whether this conclusion is sustained by the evidence is the only question presented.

There is no substantial dispute in the evidence, and the conclusion to be drawn therefrom is one of law. Decedent had been in the employ of the company for many years, and for a year or more prior to his death the company paid him monthly the sum of $140, and he was receiving that amount at the time of his death. This was not wholly for his compensation. He was authorized by the company to employ an assistant to aid in the work, whose compensation was to come out of the monthly allowance to decedent. Decedent was not required to employ help, it was optional with him whether to do so or not, but, if employed, the company was under no obligation to pay his wages, except as the same was included in the monthly allowance to decedent. An assistant had been employed and he was engaged in the line of his work at the creamery at the time of the death of decedent, and was paid for his services at the rate of $40 per month, but from the $140 received by decedent from the company. This amount had been paid him for two or more months prior to the time in question, though previous thereto his salary had been $30; his salary was raised to $40 two months prior to the accident.

From these facts, which as before stated, are undisputed, we reach the conclusion that decedent's salary at the time of his death was $100 per month, and not $110 per month, as found by the trial court. In fact it would seem clear that decedent was receiving either $140 or $100 per month, and not an amount between those figures. It was the contention of the widow in the court below and by her counsel in this court, that the court should have found the salary to be $140, because that sum was paid to decedent each month, and that it was of no concern to the company what decedent did with the money; that the employment of an assistant rested wholly with decedent, and his wages were paid from decedent's total income. We do not sustain this claim. The purpose of the compensation statute was to provide a percentage income to the widow, or dependent next of kin, based upon their pecuniary loss. Though decedent was paid this monthly sum of money, the purpose thereof was to defray the expense of operating the creamery and in view of the fact that the employment of an assistant was necessary, and that his compensation was to be paid therefrom. On the facts stated then, $100 of this total amount belonged to decedent, and that amount only was devoted to the family support. This must, therefore, be treated as the pecuniary loss to the widow, and her percentage allowance should be based thereon.

The cause therefore is remanded to the court below with directions to modify its judgment to conform to the views herein expressed.

No statutory costs will be allowed to relator.