MEDLAND v. HOULE BROTHERS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—COMMON-LAW MARRIAGE.
    In proceedings under the workmen's compensation law, where plaintiff's claim was based upon the ground that she was the common-law wife of deceased, evidence *held*, sufficient to support plaintiff's claim.

2. SAME—BASIS OF COMPENSATION—EARNINGS OF DECEASED.
    Testimony that deceased's wages were $14 a week and his board, and that the board was worth $4 a week, *held*, sufficient to justify an award by the industrial accident board of $9 a week for 300 weeks.

Certiorari to Industrial Accident Board. Submitted June 12, 1918. (Docket No. 94.) Decided July 18, 1918. Rehearing denied January 31, 1919.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

Grace Medland presented her claim for compensation against Velo Houle and Fred Houle, copartners as Houle Brothers, for the accidental death of her husband in defendants' employ. From an order awarding compensation, defendants and the Chicago Bonding & Surety Company, insurer, bring certiorari. Affirmed.

*Frederick J. Ward,* for appellants.

*Cross, Foote & Sessions,* for appellee.

MOORE, J. James Medland, the husband of the claimant, was, on the 22d day of May, 1917, in the employ of Houle Brothers. While working in the course of his employment he got a steel sliver in his finger. He received treatment and was removed to a hospital. On May 26, 1917, he died at the hospital. Later the appellee made claim upon the respondent for compensation as the widow and dependent of the deceased under the workmen's compensation act. The respondent denied the claim of the appellee. The board of arbitration made an award of $9 a week for 300 weeks to the claimant.

It is claimed:

1. That claimant was not the widow of James Medland, deceased, and therefore has no right to compensation as a dependent under the workmen's compensation act of the State of Michigan.

2. That James Medland did not meet his death as the result of an accident arising out of and in the course of his employment.

3. That James Medland met his death from a disease known as delirium tremens, which was independent of and not in any way connected with his employment or with any injury that he may have received.

4. That death from delirium tremens is not an accident within the meaning or contemplated by the workmen's compensation act of the State of Michigan.

5. That claimant is not entitled to compensation from said respondents at the rate of $9 per week.

We quote from the brief:

"The claimant bases her entire claim on the ground that she was a common-law wife of James Medland. If she was not the common-law wife then the case must fall as she has absolutely no grounds to base a claim of dependency. The common-law marriage is alleged to have taken place in May, 1907, and according to the testimony offered by the appellee herself the deceased at that time had a wife named Agnes Medland living in the city of Grand Rapids from whom he had never been divorced. That being the case the deceased and the claimant were not in a position to contract a common-law marriage because the Supreme Court of this State has held that such marriage would not be valid."

Claimant admits that what was done in May, 1907, did not constitute a common-law marriage, but insists that a divorce was obtained by Agnes Medland from her husband in March, 1909, thus removing any impediment to a marriage between the claimant and Mr. Medland, and that what was done after that constituted a common-law marriage. Her testimony is to the effect that after the divorce she and Mr. Medland agreed to live together as husband and wife and that they did so with the exception of a short time until his death in May, 1917.

"Q. Do you mean by that you have met the people who Mr. Medland worked for during this time?

"A. Yes, and other people, too; he has always called me his wife.

"Q. You were presented as his wife?

"A. Yes, always."

One witness testified that four years before the hearing he rented to Mr. Medland a house.

"They both came and rented the house.

"Q. State the circumstances of that meeting, if you will, Mr. Gudelsky?

"*A.* They came in and Mr. Medland asked me if I had that house for rent. I told him, 'yes, sir,' and I asked him if he has got any family any children. He said 'only just me and my wife.' I said 'All right I will rent you the house'; so I rented them the house. * * * The last time when he went to the border he come in the store and he said to me, 'Mr. Gudelsky,' he said, 'I am going away,' he said— * * * So he said to me he said, 'I am going away,' he said, 'and the first money. that I get,' he said, 'I will send my wife the money and she will pay you the rent,' and that is the way it was. When he sent her the money she came and paid the rent."

Other witnesses gave testimony of a similar kind. In December, 1916, Mr. Medland wrote the claimant from New York commencing his letter, "My Dear Wife," and telling her in detail of his army life and an offer that had been made him saying:

"Well my dear girl I wold not take the job and stay away from you that long if they gave me 200 pr month becaus I love you to much old sweet hart."

The instant case is distinguishable from *Judson* v. *Judson,* 147 Mich. 518, and *Duff* v. *Judson,* 160 Mich. 386, cited by appellant, as a reference to those cases will show. It is controlled by *Barker* v. *Valentine,* 125 Mich. 336, and the authorities cited therein.

It was conceded on the oral argument that there was some testimony upon which the industrial accident board could base its finding that death resulted from the injury, making a discussion of groups 2, 3 and 4 unnecessary.

5. Was the award too large? The contention that it is arises from the claim that Mr. Medland's wage was $14 a week and that the meals furnished was no part of his pay.

There was testimony that Mr. Medland's wages were $14 a week and his board and that he took all his meals where he was employed except occasionally tak-

ing his supper with claimant. Mr. Velo Houle testified: "We always considered that the meals amounted to about $4 a week with all our help."

We think there was testimony upon which to base the conclusions of the industrial accident board.

. The award is affirmed, with costs.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.