PROVIDENCIA DOMBROZZI *vs.* E. GROSS & COMPANY, INC., ET AL.

First Judicial District, Hartford, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 7th—decided March 3d, 1931.

*Jacob Berman,* for the appellant (plaintiff).

*Edward C. Carroll,* for the appellees (defendants).

BANKS, J. The plaintiff, prior to her employment by the respondent-employer, was totally blind in her left eye. As a result of an injury received in the course of her employment she lost the sight of her right eye and is now totally blind. The parties entered into a voluntary agreement approved by the commissioner providing for the payment of compensation to the plaintiff at the rate of $6 a week during her total incapacity on account of the injury to her right eye. The claim thereafter came before the commissioner for the first district for further determination. He found that there was hope that in the course of time some small portion of the vision of the injured eye might be saved but that at the time of the hearing the maximum of improvement in the eye had not been reached so that no award for specific indemnity could then be made. The commissioner ruled that, considering the injury in itself alone and not in connection with the blindness of the left eye, the plaintiff was able to work at the occupation at which she was engaged at the time of the injury, which was that of sewing bags in a rag shop, and ordered that the payments made under the voluntary agreement should cease as of the date of the hearing.

Our Compensation Act provides compensation for both total and partial incapacity resulting from injuries which do not prove fatal. It also provides specific indemnities for injuries resulting in the loss of certain members of the body, irrespective of whether they cause actual incapacity, total or partial. The theory of those provisions awarding compensation for total or partial incapacity is that the compensation is depend-

ent upon the loss or impairment of earning power. The theory of the provision for specific indemnities is that the compensation is awarded because of the resulting handicap through life by reason of the loss or loss of use, of certain members of the body. Compensation in such cases is not dependent upon actual incapacity in whole or in part. *Franko* v. *Schollhorn Co.*, 93 Conn. 13, 104 Atl. 485. It will be well at the outset to have in mind the distinction between the theory back of an award of specific indemnity for such handicap through life and one for incapacity based upon loss of earning power. Section 5351 of the Revision of 1918 (as amended now § 5236 of the Revision of 1930) provided compensation for an injury resulting in total incapacity of one-half the average weekly earnings, with maximum and minimum limits, for the period of incapacity not to exceed five hundred and twenty weeks. It then provided as follows: "The following-described injuries of any person shall be considered as causing total incapacity and compensation shall be paid accordingly: (a) Total and permanent loss of sight in both eyes, or the reduction to one-tenth or less of normal vision with glasses; (b) the loss of both feet at or above the ankle; (c) the loss of both hands at or above the wrist; (d) the loss of one foot at or above the ankle and one hand at or above the wrist; (e) any injury resulting in permanent and complete paralysis of the legs or arms or of one leg and one arm; (f) any injury resulting in incurable imbecility or insanity." The compensation for these injuries, resulting in the loss, or loss of use, of two members of the body or in incurable insanity, was thus made a specific indemnity of half the average weekly wages for five hundred and twenty weeks. Section 5352 of the Revision of 1918 (as amended now § 5237 of the Revision of 1930) provided compensation for injuries resulting

in partial incapacity of half the difference between the average weekly earnings and the amount the employee was able to earn after the accident. It then provided: "In case of the following injuries the compensation, in lieu of all other payments, shall be half of the average weekly earnings of the injured employee, . . . (g) for the complete and permanent loss of sight in one eye, or the reduction in one eye to one-tenth or less of normal vision with glasses, one hundred and four weeks" (now increased to one hundred and fifty-six weeks), listing, also, injuries involving the loss, or loss of use, of other single members of the body with compensation for a specified number of weeks varying according to the particular member affected. The compensation under this clause of the statute, for the loss of a single member of the body, is full compensation as for total incapacity, that is, half of the average weekly wages, the distinction between the award for the loss of both members and that for the loss of a single member being, not in the amount of the weekly payment, as in the case of total or partial incapacity, but in the number of weeks during which the payments are continued. Under the Act as it thus stood in 1918 the question arose as to whether an employee, already suffering under a partial disability such as the loss of one eye or one leg, who, as the result of an injury, lost the other eye or leg and thus became totally and permanently incapacitated, was entitled to recover the compensation for the loss of both members under § 5351 (Rev. 1918) or only that for the loss of a single member under § 5352 (Rev. 1918). We held that the loss of the second member producing total and permanent incapacity entitled the employee to an award under § 5351 (Rev. 1918). *Saddlemire* v. *American Bridge Co.*, 94 Conn. 618, 110 Atl. 63; *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 111 Atl. 193. This was in accord with the weight

of authority in jurisdictions whose Compensation Acts, like ours at that time, contained no specific provision limiting the compensation in such case to that provided for the loss of a single member, though the contrary result was reached by some courts which held that the total incapacity could not be entirely attributed to the last accident since to do so would make the employer responsible for an injury which was not sustained while the claimant was in his employ. 67 A. L. R. 794.

Subsequent to these decisions, § 5351 of the Revision of 1918 was amended by Public Acts of 1927, Chapter 307, § 3, by the addition of a proviso to the sentence in that section providing the specific indemnity for injuries resulting in the loss of two members of the body, which is quoted above, so that the sentence reads as follows: "The following-described injuries of any person shall be considered as causing total incapacity and compensation shall be paid accordingly: (a) Total and permanent loss of sight in both eyes, or the reduction to one-tenth or less of normal vision with glasses; (b) the loss of both feet at or above the ankle; (c) the loss of both hands at or above the wrist; (d) the loss of one foot at or above the ankle and one hand at or above the wrist; (e) any injury resulting in permanent and complete paralysis of the legs or arms or of one leg and one arm; (f) any injury resulting in incurable imbecility or insanity; provided an employee who shall have suffered the loss or loss of use of one of the members of his body, or of part of one of the members of his body, or the reduction of vision in one eye to one-tenth or less of normal vision with glasses, shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous incapacity." The construction to be given to this amendment will determine the questions raised upon this ap-

peal. The effect of the 1927 amendment was to avoid the result reached in the *Saddlemire* and *Fair* cases, which held the employer of a one-legged or a one-eyed man liable for the specific indemnity awarded for the loss of both legs or both eyes if the employee lost the other leg or eye while in his service. Since the amendment it is clear that a one-eyed man who in the course of his employment loses the sight of his other eye is entitled to receive, not compensation for five hundred and twenty weeks, the specific indemnity for the loss of both eyes, as in the *Fair* case, but compensation for one hundred and fifty-six weeks, the specific indemnity for the loss of one eye under § 5352 (g) (Rev. 1918) as amended. The commissioner so ruled, and, though the plaintiff appealed from his failure to hold that she might be entitled to specific indemnity as for total incapacity on the basis of five hundred and twenty weeks, we understand counsel to concede in his brief that the specific indemnity to which the plaintiff might be entitled would be upon the basis of one hundred and fifty-six weeks under § 5352 (g) (Rev. 1918) as amended. This narrows the question to an inquiry whether, as the commissioner held, that is the limit of her recovery, or, as claimed by her, she is entitled in addition to compensation for her actual incapacity to work, under the provisions of the first sentence of § 5351 (Rev. 1918) up to the time when an award for specific indemnity can be made. The award to be made in this case is a specific indemnity for the loss of use of the plaintiff's right eye. Such an award is based, not upon loss of earning power consequent upon incapacity to work, total or partial, but upon the permanent handicap resulting from the loss of use of the eye. When, as in this case, there is a period of total incapacity to work between the date of the injury and the date of determination of the specific indemnity, our Act provides compensation for this period

of incapacity in addition to the specific indemnity for the loss of use of the member. *Franko* v. *Schollhorn Co., supra; Wrenn* v. *Connecticut Brass Co.,* 96 Conn. 35, 112 Atl. 638. "The handicap determines the loss. But when the loss of the member is preceded by a long incapacity while efforts are made to heal and cure the injury, the injured employee has suffered far more than the mere loss of the member. Compensation for the loss of the member will not compensate him for the period of incapacity preceding the loss of the member. The just rule of compensation will give compensation for the period of total incapacity as well as for the loss of the member." *Franko* v. *Schollhorn Co., supra,* p. 19. The commissioner found that the maximum of improvement in the injured eye had not been reached at the time of the hearing, so that no award of specific indemnity could then be made, and that the plaintiff was then totally blind and unable to work at any occupation. Notwithstanding this finding, which clearly entitled the plaintiff to compensation for total incapacity during the period between the date of injury and that of the award of specific indemnity, the commissioner denied her such compensation. He found that, though totally blind, "considering the injury by itself alone and not in connection with the blindness of the left eye, the claimant is able to work at the occupation at which she was engaged at the time of the injury, that is, sewing bags in a rag shop." We do not construe the 1927 amendment to require a finding so at variance with the actual facts. Grammatically construed it is a proviso limiting only the sentence of which it is a part. That sentence fixes the compensation to be paid for the loss or impairment of function of two members of the body, being a specific indemnity for the resulting handicap through life, regardless of loss or impairment of earning power. The effect of the

proviso added by the 1927 amendment is that, where the employee had already lost one of such members, he should receive as compensation for the loss of the other, not the indemnity provided for the loss of both, but that provided for the loss of the single member in the schedule contained in § 5352 of the Revision of 1918.

The Act as amended is not to be construed as providing that a one-eyed employee who has lost the sight of the other eye, and is totally blind and unable to work at any occupation, is to be deemed able to work for the purpose of determining the compensation to be awarded for the injury. A construction reaching such an anomalous result, and one so unjust to the employee, would not be justified unless the language of the amendment absolutely required it. Not only is such not the case, but we can find in the amendment, when read in the light of our decisions, no intent to deprive an employee of compensation for actual incapacity to work during the period between the injury and the date of an award of specific indemnity. Its effect is limited to a change in the specific indemnity to be awarded for the handicap resulting from the loss of a single member of the body where the employee had previously lost the corresponding member, leaving unaffected the compensation to be awarded for the actual incapacity to work existing prior to the making of the specific award for loss of use.

The conclusion that such was the intention of the legislature is, it seems to us, further fortified by the change which was made in that portion of § 5352, Revision of 1918, which provided specific indemnity for the loss of a single member of the body, which read: "In case of the following injuries the compensation, in lieu of all other payments, shall be half of the average weekly earnings of the injured employee." In

1919 (Public Acts, 1919, Chap. 142, § 7) this was amended to read: "In the case of the following injuries the compensation, in addition to the usual compensation for total incapacity, but in lieu of all other payments for compensation, shall be half of the average weekly earnings of the injured employee." This is an express provision that the employee shall receive both the compensation for total incapacity to work and the specific indemnity for the loss of a single member, to which the trial court thought the plaintiff was not entitled under its construction of the 1927 amendment to § 5351 of the Revision of 1918. The plaintiff is entitled to compensation for total incapacity to work pending an award of specific indemnity for the loss of her eye.

The Superior Court is advised to sustain the appeal and remand the cause to the commissioner for an award in accordance with this opinion.

In this opinion the other judges concurred.