PAUL THIBEAULT *vs.* GENERAL OUTDOOR ADVERTISING COMPANY, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 6th—decided February 23d, 1932.

*John C. Blackall,* for the appellants (defendants).

*Henry A. Moran,* of Springfield, Massachusetts, for the appellee (plaintiff), did not appear.

MALTBIE, C. J.   The commissioner found the plaintiff to be partially incapacitated and entitled under the statute to one half the difference between his average weekly earnings before the injury and the amount he was able to earn at the time of the hearing.   General Statutes, § 5237.   The commissioner in determining the amount of his weekly earnings before the injury added to the amount paid to him as wages a sum allowed him each day for board and lodging and the sole ground of appeal is the correctness of this addition.   Upon the finding, amplified somewhat by certain additions made in response to a motion of the appellant, the material facts relevant to this issue are as follows: The plaintiff was employed in erecting outdoor advertising signs with other employees of the company.   They spent most of their time upon the road and were transported from place to place by automobile trucks.   It had been the custom of the employer to pay his employees engaged in this work $24.50 a week or $3.50 a day for room and board, $2 for a room and $1.50 for board.   If the men were working where there was no place to board, they would put up a shelter and get their meals as they could.   If they did this and did not use the full amount allowed, no question as to their rights to the allowance was raised by the employer; but if they spent more

than $3.50 a day they paid the excess out of their own pocket. The employer kept the plaintiff, who was usually in charge of the job, supplied with money from which this allowance was paid, as were other incidental expenses incurred in the work, and a daily report of all such expenditures, including the allowance, was made.

We have no provisions in our statutes defining the meaning of the word "earnings." The purpose of the weekly compensation allowed for partial incapacity is to make the employee good to the extent of one half, the earnings of which he has been deprived by the injury and the basis of the award is the resulting loss or impairment of earning power. *Dombrozzi* v. *Gross & Co., Inc.*, 112 Conn. 627, 629, 153 Atl. 780; *Rousu* v. *Collins Co.*, 114 Conn. 24, 157 Atl. 264. It may very well be that the wages paid by an employer do not represent the actual earnings of the employee in the employment. Thus it has been held that in determining the earnings of a waitress the amount she received as tips was to be regarded. *Powers' Case,* (Mass.), 176 N. E. 621; see also 2 Schneider, Workmen's Compensation (2d Ed.) p. 1513. So where an employee, in addition to his fixed wages, has received also board and lodging at the expense of the employer, at least where there has been an understanding as to their value, it has been held that such value is to be considered in determining earnings. *Medland* v. *Houle Brothers,* 202 Mich. 532, 168 N. W. 446; *Baur* v. *Court of Common Pleas,* 88 N. J. L. 128, 95 Atl. 627; *O'Callahan* v. *Dermedy,* 197 Iowa, 632, 197 N. W. 456; 2 Schneider, Op. Cit., p. 1527. So it would seem clear that if an employer makes a fixed allowance for board and lodging to an employee who is living at home, ordinarily there would be no doubt that it should be allowed in determining his loss of

earnings; there is no practical difference between paying an employee in such a situation a wage of, say, $5 a day with an additional allowance of this nature of $3 a day, and paying him a wage of $8 a day without any such allowance. On the other hand, where an employee is merely reimbursed amounts he is called upon to spend in the course of his employment in activities which he has no occasion to pursue when not employed, as sums spent for railroad fares in traveling, the amounts so paid could not be regarded as a part of his earnings. See *State ex rel. Gaylord Farmers Co-operative Creamery Association* v. *District Court of Sibley County,* 128 Minn. 486, 151 N. W. 182.

When we come to consider allowances made for board and lodging of an employee who is taken away from his home by the business of his employer, more difficult questions present themselves. Ordinarily one of the principal grounds of such an allowance is that the employee is put to more expense for board and lodging when he is away from home, and while actual reimbursement of all his living expenses away from home might bring to him some economic benefit because of a saving of the expense of his living at home, ordinarily this would be too difficult to calculate and too remote from the intent of the parties to be regarded. In the absence of unusual conditions such payments should not be regarded in determining a loss in earnings. When, however, the employer makes an additional allowance of a fixed sum to an employee when he is away from home, no definite rule can be formulated but each case must be left to the reasonable determination of the commissioner upon its peculiar circumstances. Such an allowance may be the result, in whole or in part, of an intent to grant additional compensation on account of the employee having to leave his home and the conditions under which

he must live away from it, rather than as a mere reimbursement of expenditures incurred. It may be so in excess of the amounts actually expended as to represent a very real economic gain to the employee, or, on the other hand, so small as not to reimburse him for the amounts he actually has to expend. The employee may not have a home of his own and be compelled to pay definite sums for board and lodging wherever he is and the conditions of his employment may be such that when away from the location of the employer's place of business he is able to save, in whole or in part, the amount he would have to expend if remaining there. On the other hand, if the allowance is designed to enable the employee to adopt a mode of living which the employer considers beneficial to his own interests and the employee makes a saving by a departure from that mode of living, fairness to the employer might require that no part of the allowance be regarded as a part of the employee's earnings. These are illustrations of the various circumstances which may be involved in determining whether such an allowance should be regarded as earnings. In each case the test to be applied is, does the allowance represent a real and reasonably definite economic gain to the employee, reasonably within, or at least not contrary to, the fair intent of the parties, and the matter must be left to the sound discretion of the commissioner to determine whether this be so and, if so, what amount fairly represents that economic gain.

In the instant case the commissioner based his conclusion upon the bare facts that there was a fixed allowance for board and lodging made to the plaintiff for each day, that he was not compelled to account for the way in which the allowance was expended, that, if by providing a shelter for himself and getting his meals as he could he expended less than the allowance

he might retain the difference for his own use and that, if his board and lodging cost him more than the amount allowed he paid the difference out of his own pocket. These facts are not alone sufficient to afford a basis for an addition to the plaintiff's wages of the allowance made for board and lodging. They all might be true and yet the addition, in whole or in part, might be one not properly to be made. We must therefore remand the case for further hearing.

There is error, the judgment is set aside and the case remanded with direction to return it to the compensation commissioner of the fifth district for further proceedings upon the issue of the amount, if any, to be added to the plaintiff's wages by reason of the allowance made to him for board and lodging.

In this opinion the other judges concurred.