## AMERICAN SURETY CO. OF NEW YORK
### v. UNDERWOOD et al.
### No. 1579.

Court of Civil Appeals of Texas. Waco.
July 12, 1934.

Rehearing Denied Sept. 20, 1934.

Bartlett, Thornton & Montgomery, of Dallas, for appellant.

Houston & Johnson, of Dallas, for appellees.

GALLAGHER, Chief Justice.

This is a compensation case. The Texas Papec Machine Company was the employer, appellee Sidney T. Underwood, the injured employee, and appellant, American Surety Company of New York, the insurance carrier.

There was a trial by jury. The case was submitted on special issues and, upon the answers returned, the court rendered judgment in favor of appellee Underwood against appellant, American Surety Company, for the sum of $6,721.50 as compensation and the further sum of $450.35 as medical and hospital expense incurred. Said recovery to the extent of one-third thereof was declared for the use and benefit of appellees H. B. Houston and W. E. Johnson, appellee Underwood's attorneys.

Opinion.

Appellant contends that the court erred in refusing its request for a peremptory instruction. Such contention is based on appellant's claim that the testimony showed as a matter of law that appellee Underwood was not an employee of the Texas Papec Machine Company, but was an independent contractor. The Texas Papec Machine Company was a Texas corporation, but a subsidiary of the Papec Machine Company, a New York corporation. The parent corporation was engaged in the manufacture and sale of machinery for cutting, grinding, and mixing stock foods. The machines manufactured by it were offered for sale in Texas by said Texas corporation, which maintained its office in Dallas and transacted business throughout the state. Appellee was a traveling salesman. His territory was the southern part of the state. It was his duty to locate prospects, demonstrate the operation of the machines, and procure contracts for the sale of the same, subject to the approval of the Dallas office. When such a sale was approved, it was his duty to install the machine, put it in operation, and instruct the purchaser with reference thereto. He was paid a salary, and, in addition thereto, the cost of meals and lodging when away from home. He was al-

so furnished a car by the employer and was reimbursed for the cost of storage, upkeep, and gas used. While his contract of employment appears to have been continuous, he was actively engaged and paid only as business conditions from time to time justified. He was required to make daily reports and a detailed report of all his activities at the end of each week, and to return therewith his expense account. He was also required to send in at the same time a route plan for the next week. If such plan was approved, it was returned to him with permission to follow the same. If the route plan was disapproved, another would be prepared by him and submitted. He was generally required to canvass his approved route, but was permitted to use his own judgment with reference to prospects and the manner of approaching them. The court, by an appropriate issue, asked the jury to determine whether the machine company had the right to exercise control over the details of the work done by appellee, and the jury answered the same in the affirmative. The testimony raised the issue submitted to and determined by the jury and the court did not err in refusing a peremptory instruction. Maryland Casualty Co. v. Kent (Tex. Civ. App.) 271 S. W. 929, 931 et seq., pars. 1 and 2, affirmed (Tex. Com. App.) 3 S.W.(2d) 414; Fidelity Union Life Ins. Co. v. McGinnis (Tex. Civ. App.) 62 S.W.(2d) 186, 188, pars. 1 and 2, and authorities there cited.

■ Appellant contends that the court erred in instructing the jury that "the word 'wages' as used in this charge includes the market value of board and lodging which can be estimated in money which the employee receives from the employer as part of his remuneration." Such instruction was in substantial accord with the express provisions of subdivision 4 of the definition of "average weekly wages," given in section 1 of article 8309, Revised Statutes. The testimony showed the several amounts paid to appellee each month during the year preceding his injury to reimburse him for expenditures for meals and lodging while away from home in the discharge of the duties of his employment. The testimony further showed that appellee maintained a home at Grand Prairie, in which he resided with his family when not engaged in the discharge of such duties. Appellant's complaint of such charge is based on the specific contention that since the sums paid appellee for board and lodging were restricted to amounts actually expended by him therefor, that he received no pecuniary advantage from such reimbursement, and that the sums so received by him constituted no part of his remuneration or wages. Appellant cites in support of his contention the case of Thibeault v. General Outdoor Advertising Co., 114 Conn. 410, 158 A. 912, 84 A. L. R. 184, in which case a rule is prescribed for determining when an allowance for board and lodging made an employee while away from home in the discharge of his duties is to be considered a part of his earnings in case of his injury. We do not think the rule announced in that case has any application in this state. The court in its opinion therein prefaced its discussion by the explicit statement that the statutes of that state contained no definition of "earnings" of an employee upon which the amount of his compensation was to be based. Whether an employee maintains his own home or not, he must nevertheless have a place to sleep and food to eat, and some pecuniary advantage must ordinarily result to him from having these necessities supplied by his employer. Our statute does not require an injured employee to show the amount actually saved by his absence from home while traveling at the expense of his employer, but makes the market value of his board and lodging paid by his employer a specific element of his average wages upon which his compensation is to be based. Appellant's contention is without merit.

■ Appellant contends that the court erred in the manner in which the amount of appellee's average weekly wages was submitted to the jury for determination. The issue submitted and the answer of the jury thereto were as follows:

"What sum of money, if any, do you find from a preponderance of the evidence to be the average weekly wages of S. T. Underwood which to you may seem just and fair to both parties, plaintiff and defendant?"

Answer: "$37.50 per week."

Appellant's specific contention is that the issue, as submitted, assumed that appellee's average weekly wages could not be calculated according to the method prescribed in either subdivision 1 or 2 of the definition of "average weekly wages" given in section 1 of article 8309 of our Revised Statutes, to which reference has hereinbefore been made. The provisions of the first of said subdivisions are applicable only when the injured employee has worked substantially the whole of the year preceding in the same employment in which he received his injury, and the provisions of the second of said subdivisions are applicable only when some other employee has worked substantially the whole of the year preceding in the same or similar em-

ployment in the same or a neighboring locality. We have heretofore recited the fact that the Texas Papec Machine Company was engaged in selling machines manufactured by the parent corporation. Apparently it had the exclusive sale of such machines in this state. Appellee was the only salesman employed. Mr. Hoover, the manager of the office in Dallas, attempted personally to canvass the remainder of the state in addition to his other duties. He and appellee were the only witnesses who testified in the trial of the case. Both of them testified affirmatively that appellee had not worked substantially the whole of the preceding year in such employment. Each of them testified that he did not know of any other employee who had worked substantially the whole of the preceding year in similar employment. Appellee testified that he had made inquiry for the purpose of ascertaining whether any one else had engaged in similar employment during the preceding year and had not discovered any such instance. Mr. Hoover, as manager of the particular business involved, would be expected to know of any established competition. The testimony of these witnesses was wholly without contradiction and was sufficient, being negative in its nature, to constitute prima facie proof that no other employee had worked the whole of the preceding year in the same or similar employment in the same or a neighboring locality. 23 C. J., p. 27, § 1762. The court was therefore not required to submit such issue to the jury, but had the right to accept such testimony as true and to submit the issue of appellee's average weekly wages for determination by the jury according to the rule prescribed by subdivision 3 of said definition aforesaid. Livezey v. Putnam Supply Co. (Tex. Civ. App.) 30 S.W.(2d) 902, 905, par. 10 (writ refused); Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210, 212, par. 1; Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143, 147, pars. 9 and 10; Erwin v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 63 S.W.(2d) 1076, 1078, par. 3 (writ refused); Bevil v. Kirby Lumber Co. (Tex. Civ. App.) 58 S.W.(2d) 843, 847, par. 10; Kinney v. Pearce (Tex. Civ. App.) 65 S.W.(2d) 502, 503, par. 2.

Appellant contends that the court erred in rendering judgment against it in favor of appellee for compensation at the rate found by the jury from the date of his injury, without credit or deduction for payments of compensation made to him by it. Appellee, in answer to said contention, has filed herein a remittitur of $277.80 of his total recovery for compensation and $340 of his total recovery for medical and hospital expenses, which he alleges is the full amount claimed to have been paid by appellant. Appellant has not contested such allegation. The recovery herein will therefore be reduced by deducting the amounts aforesaid.

The judgment of the trial court as so modified is affirmed.