NEW AMSTERDAM CASUALTY COMPANY *vs*. WALTER STENS.

Hampden.     September 19, 1934. — November 7, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction*, Mistake, Fraud, Reformation.     *Workmen's Compensation Act*, Amount of compensation.

An insurer under the workmen's compensation act made with an injured employee an agreement in respect to compensation, which was based upon a statement by him of his "weekly salary." The statement was true as to the gross amount received, but did not include the fact, unknown to the insured, that the employee paid part of what he received to his father, who assisted him. The insurer sought by a suit in equity to reform the compensation agreement. The suit was heard upon an agreed statement of facts, which included no fact warranting an inference that the employee knew that his average weekly wage, under the workmen's compensation act, was to be determined on the basis of net gain to him, or that he intentionally misstated the amount of his average weekly wage for the purpose of determining the action of the insurer to its harm. *Held*, that, no fraud on the part of the employee nor mutual mistake being shown, it was proper to dismiss the bill.

BILL IN EQUITY, filed in the Superior Court on December 18, 1933, and described in the opinion.

The suit was heard by *Williams*, J., upon an agreed statement of facts. Material facts are stated in the opinion. From a final decree dismissing the bill, the plaintiff appealed.

*T. L. Goggin*, (*A. Schoenfeld* with him,) for the plaintiff.

*R. J. Talbot*, for the defendant, submitted a brief.

PIERCE, J. This is an appeal by the plaintiff, an insurance company, from a final decree dismissing a bill in equity brought to reform an agreement in respect to compensation made by and between the defendant, an employee of the Balise Motor Sales, and the plaintiff. It was heard on an agreed "statement of fact" in substance as follows: The employee, while in the employ of the Balise Motor Sales, received an injury for which the plaintiff became liable

under a policy of workmen's compensation insurance previously issued by it to the Balise Motor Sales. The defendant subsequently entered into an agreement for compensation which was computed on the theory that the average weekly wage of the employee was $30. The employee was in fact paid an average weekly wage of $30, but because of defective eyesight he "engaged and paid his father $15 each week to perform such part of the work as the defendant felt himself unable to perform." The fact that the employee was not retaining the full $30 weekly, but was dividing it with his father, did not appear on the payroll of the employer nor was it disclosed to the insurance company at the time the agreement regarding compensation was signed, nor was it known to the employer.

The agreed facts do not state whether or not the employer knew that the employee had the assistance of his father in performing the part of the work he was employed to do, or whether or not the personality of the employee was a factor which the employer considered when it hired the employee, or whether or not the work to be done required the special skill of the employee.

In the case here presented it is clear the employee could have given his father in recognition of his assistance the whole or any part of the weekly wage agreed to be paid by the employer without affecting his right to indemnification under the compensation act, but it would seem to be equally plain that the measure of his compensation for injury would be affected if his average weekly wage were cut by a contract for assistance to the extent of the amount agreed to be paid for such assistance. As contended by the insurer, the compensation is to be determined on the basis of the net pecuniary gain to the employee and not by the gross sum contracted to be paid. *State* v. *District Court of Sibley County,* 128 Minn. 486. *Roper* v. *Hussey-Freke,* [1915] 3 K. B. 222. Compare *Powers's Case,* 275 Mass. 515; *Thibeault* v. *General Outdoor Advertising Co. Inc.* 114 Conn. 410.

We think, however, the bill of complaint was dismissed rightly. The employee's statement to the insurer that

"My weekly salary was thirty ($30.00) dollars" was literally true. There is nothing in the agreed facts which would warrant an inference that he knew that the weekly wage, under the compensation act, was to be determined on the basis of net gain to the employee, nor is there any agreement that the employee intentionally misstated his average weekly wage, computed under the compensation act, for the purpose of determining the action of the insurer to its harm. In a word, the employee was not guilty of fraud. There was clearly no mutual mistake.

*Decree affirmed with costs.*