New Fort Pierce Hotel Co., v. Louis Gorley

188 So. 340.
Opinion Filed April 25, 1939.

*E. O. Denison,* for Appellant.

*Wallace Sample,* for Appellee.

BUFORD, J.—The appeal is from order affirming award of compensation made by Florida Industrial Commission in the sum of $198.08 with attorneys' fees, under the provisions of Florida Workman's Compensation Act, being Chapter 17481, Acts of 1935.

There appears no history of the case in either of the briefs before us and, therefore, it has been necessary for us to resort to the record to construct the history. Counsel have given us an abstract of the progress of the proceedings from the filing of the claim to the affirmance of the award, but this is entirely insufficient to meet the requirements of Amended Rule 20. The history of the case, as we find by study of the testimony, is fairly stated in the findings of the Commission in making the award, as follows:

"The claimant, Louis Gorley, was on or about June 4, 1937, employed by the New Fort Pierce Hotel Company as a roofer and was receiving for his services an average of Twenty-two dollars and fifty cents a week.

"On the aforesaid date, while engaged in his regular duties, he picked up a bucket of hot tar, and as he did so his foot came in contact with a pipe in back of him and threw him off balance. He set the bucket down quickly, and as he did so some of the contents splashed out on his right foot. The employee worked one day after he was injured, which was Saturday, and then discontinued his duties for a week. He then worked one week, but was unable to continue.

"The claimant was treated at first by the Hotel physician, Dr. Council, and subsequently by Dr. Foy during Dr. Council's absence from the City. The injured employee

subsequently went to Jacksonville, Florida, the exact date being unknown, where he secured the services of Dr. David Rose. This physician found an osteomyelitis of the fourth and fifth toes of the right foot and treated the injured employee from July 3rd through July 21, 1937.

"The employers did not controvert this claim but refused to pay the employee compensation as provided by the Workmen's Compensation Act, and the claimant secured the services of Montague Rosenberg, an attorney in Jacksonville, Florida. The aforesaid attorney referred the case to J. Wallace Sample, attorney at Fort Pierce, who asked for a hearing to determine the merits of this case.

"The questions submitted to the Florida Industrial Commission for a decision in this case are whether or not the claimant was injured as the result of an accident that arose out of and in the course of his employment, and, if so, to what extent was he disabled as a result thereof.

"There was no evidence offered by the employers at the hearing in defense of this claim, and in the absence of same it is the finding of the Commission, from the testimony of the injured employee and the affidavit of his physician which was admitted in evidence without objection by the defendants, that the claimant was injured as the result of an accident that arose out of and in the course of his employment June 4, 1937.

"That he was married and his wife was his only dependent other than himself; that at the time of is injury he was earning an average of twenty-two dollars and fifty cents a week; that he was totally disabled for six weeks; that he suffered the permanent loss of use of the fourth toe of his right foot as a result of the aforesaid accident that as a result of the disabilities suffered, he is entitled to sixteen weeks compensation at the rate of Twelve dollars and thirty-eight cents a week.

"That he secured the services of Dr. David Rose, of Jacksonville, without the authorization of his employers; that the physician failed to forward his report to the employers and the Commission within twenty days as provided by law and that by reason of such failure the obligation for the services rendered by the physician is unenforceable as against the employers."

The award of the Commission was:

"Therefore, for the reasons assigned, it is the award of the Florida Industrial Commission that the employers, New Fort Pierce Hotel Company, pay to the claimant, Louis Gorley, One Hundred Ninety-eight Dollars and Eight Cents.

"It is further the award of the Commission that the claim for medical obligations incurred by the claimant in connection with this injury be denied.

"It is further the award of the Commission that Montague Rosenburg and J. Wallace Sample, attorneys for the claimant, be paid Forty-nine Dollars and Fifty-Two Cents for legal services rendered the claimant, and same is a lien on the compensation."

The Circuit Court affirmed the award and the appeal to this Court ensued.

The appellant presents four contentions, as follows:

"(1) That the Compensation allowed by the Industrial Commission was based upon a means of computation other than those specified in the Florida Workman's Compensation Act and that any findings based thereon are erroneous.

"(2) That it has not been shown that the appellant was the employee of the appellee.

"(3) That the appellee has failed to bring himself within the purview of the Workman's Compensation Act as to entitle him to compensation even if it had been shown

that the employer-employee relationship existed and that the computation was based upon the statutory method.

"(4) Because the Industrial Commission based its award upon an erroneous assumption as to the wages of the employee which wages, the record disclosed were unproven and therefore the findings thereon was an error."

The appellant based its contention numbered 1 on a construction of Section 5966 (14) Permanent Supplement C. G. L. of Florida, which is as follows:

"Except as otherwise provided in this law, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined, subject to limitations of Section 5966 (12), paragraph (b) as follows:

"(a) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"(b) If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"(c) If either of the foregoing methods of arriving at the annual earnings of an injured employee cannot rea-

sonibly and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the injury.

"(d)   The average weekly wages of an employee shall be one fifty-second part of his average annual earnings.

"(e)   If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages.

"(f)   If compensation is due for a fractional part of the week one-sixth of the weekly compensation shall be paid for each day unless the employee has been regularly employed seven days per week in which event one-seventh of the weekly compensation shall be paid for each day."— and submits that the record does not show sufficient evidence to warrant a finding in favor of the claimant under either of the above quoted provisions and that, therefore, he is not entitled to recover.

The evidence is not as clear and full as it might have been, but there are no conflicts in the evidence and we hold that it is sufficient to sustain the findings of the Commission under sub-paragraph (c) above quoted.   Neither the claim nor the right to claim of compensation was controverted or contested by the employer.

The record shows that the claimant was receiving $10.00 per week and furnished a room for his occupancy in the New Fort Pierce Hotel.

The value of $12.50 per week for use of the room in New Fort Pierce Hotel was a very reasonable finding.

That board and lodging, or board or lodging, furnished to an employee by his employer is properly considered as a part of his compensation for employment is not only supported in reason, but finds precedent in respectable authorities. See Haas v. Globe Indemnity Co., 16 La. App. 180, 132 Sou. 246, 249, wherein that Court said:

"We come now to the last question presented, that is, whether or not, under our Compensation law, the amount furnished the employee by the employer in the way of board and lodging, laundering, etc., can be taken into consideration, in computing his average weekly wage. Here again, it seems, we have a matter that is *res nova* in our state.

"We can think of no sound reason why such items should not be included in computing employee's earnings, provided, of course, they have been actually furnished. There seems to be no doubt that they were in this case.

"We have been referred to no case by counsel for defendant in which they were excluded in the computation, and, on the other hand, counsel for plaintiff has cited and referred us to a number of decisions from other states and also some English cases in which their value was considered in arriving at the amount of the average weekly or daily wage. Attention is called to the cases of O'Callahan v. Dermedy, 197 Iowa 632, 196 N. W. 10, 197 N. W. 456; Medland v. Houle, 202 Mich. 532, 168 N. W. 446; Baur v. Court, etc., 88 N. J. Law, 128, 95 A. 627; Dauthie v. MacAndrew, Butterworth's Compensation Cases Vol. 1, p. 308; Rosenquist v. Bowring & Co., 1 Butterworth's Compensation cases p. 395, and others. Those of the cases cited to which we have had access support the contention

that board and lodging are included in the computation of a workman's wage when furnished as part of his pay.

"In an English case, Helps v. Great Western Ry. (1917) W. C. & Ins. Rep. 199, which we find in an annotation in Negligence and Compensation Cases Annotated, Vol. 15, 1015, the court permitted the applicant for compensation, who was a passenger porter in the employ of the defendant, to include the average weekly tips of 12s which he received in 'the computation of his earnings. In Sloat v. Rochester Taxi-Cab Co., 177 App. Div. 57, 163 N. Y. S. 904, the court extended the same benefit of including tips to a taxicab driver, in reaching the amount of his wages on which to base his compensation. If tips and gratuities contributed to the employee by the traveling public are to be taken into consideration, *a fortiori* should the board and lodging furnished him as an incident to his contract of employment be included in computing the employee's average weekly wage."

We concur in the view reached by the Louisiana Court.

The second contention is not supported by the record.

The record shows conclusively and affirmatively that the appellant was the employee of the appellee at the time of the injury.

The third contention has been answered contrary to the views of the appellant in our discussion of the first contention.

The fourth contention is presented in a question posed as follows:

"Was the Circuit Court justified in affirming an award to an alleged injured employee by the Florida Industrial Commission under the Workman's Compensation Act where the record shows that the alleged employee's work was not in the course of the trade, business, profession or

occupation of his alleged employer and where there was no testimony in the record showing that the work contemplated would take more than ten days for completion and that such work would have a total labor cost of at least one hundred dollars."

From the record may be drawn the conclusion that the claimant was employed about the 1st of June, 1937, as a helper to the Engineer in charge of repair work on New Fort Pierce Hotel; that his employment was to be for an indefinite period; that he was to receive in the beginning $10.00 per week, plus the use of a room in the Hotel, with the promise that his pay would be raised in the Fall, and that it was under this arrangement that claimant was working when he received the injury complained of.

Certainly, it could not be successfully questioned that keeping a hotel in repair is a necessary incident to the operation of a hotel. Neither can it be assumed that a new employment was contemplated at the beginning of each repair job. The record shows that the claimant had been engaged in the performance of several repair jobs before beginning the repair to the roof in which he was engaged at the time of the injury. That it was not contemplated that the work by the claimant for the employer should be completed within ten days is affirmatively shown by the uncontradicted evidence that when claimant was employed by the New Fort Pierce Hotel through its Engineer in June, 1937, it was agreed that his compensation should be $10.00 per week, with room, and that his compensation would be raised in the Fall. See Kaplan v. Gaskill, 108 Neb. 455. 187 N. W. 943; Holman Creamery Assn. v. Industrial Commission, 167 Wis. 470, 167 N. W. 808.

On September 21, 1938, appellee filed here a motion for an order of this Court fixing counsel fees to be paid to appellee's counsel for his services in this Court. The mo-

tion was continued until final disposition of the cause. Upon consideration of this matter, it is now ordered and adjudged that appellee's counsel is entitled to the sum of $75.00 as reasonable and proper compensation for his service in this behalf.

The order appealed from is affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., not participating as case was presented to Court before he became a member of court.