CHARLES STAPF *v.* A. I. SAVIN ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued May 5—decided June 8, 1939.

*Frank W. Daley,* with whom was *William Kingston,* for the appellant (plaintiff).

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellees (defendants).

JENNINGS, J. The plaintiff sustained an injury arising out of and in the course of his employment on July 6, 1936. Under the terms of a voluntary agreement he was paid compensation for total incapacity until November 16, 1938. On that day he attained his maximum recovery. His injury resulted in a 25 per cent. loss of use of his left leg. "The claimant is totally disabled from following any gainful occupation at the present time, although he might do some selective work, but such work is not available to him." On these findings, which are not disputed, the commissioner ruled, in accordance with the contentions of the defendant, that he was bound by the terms of General Statutes, § 5237, to award only compensation for the specific loss of the injured limb, although, but for the provisions of this section, the plaintiff would be entitled to compensation for total disability. The plaintiff claimed that under the terms of General Statutes, § 5236, he, being in fact totally disabled, was entitled to compensation for total incapacity until that condition changed. The case was reserved by the court of its own motion for the advice of this court.

The first question arises upon the quoted portion of

the finding. This leaves the fact of total incapacity somewhat uncertain. Since the defendant practically admits that the plaintiff is in fact totally incapacitated and since that is the only reasonable construction of the finding as a whole, we treat the case on that basis.

The general purposes of our Workman's Compensation Act are fully stated in *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 145-147, 93 Atl. 245. Among them is the effort to secure a certain, speedy and inexpensive procedure for compensation to the employee for injuries, regardless of fault, the cost to be charged to the industry.

A situation similar to that in the case at bar existed in *Panico* v. *Sperry Engineering Co.*, 113 Conn. 707, 156 Atl. 802, except that in the former the injury was to a leg and in the latter to an arm. The statutes and relevant cases were fully reviewed and on page 714 the following conclusion was reached: "As we have seen, the period of total incapacity for which compensation could be awarded in addition to the specific indemnity for loss or loss of use of a member under § 5352 (Rev. 1918) has been held to be that 'between the date of the injury and the date of determination of the specific indemnity.' *Dombrozzi* v. *Gross & Co., Inc.*, 112 Conn. 627, 632, 153 Atl. 780. It covers the time 'while efforts are made to heal and cure the injury.' *Franko* v. *Schollhorn Co.*, supra, 19 [93 Conn. 13, 104 Atl. 495]. It ends when nothing further remains to be done to improve or heal the member. The complete and permanent loss or loss of use occurs 'when no reasonable prognosis for complete or partial cure, and no [further] improvement . . . can be reasonably made. Until such time the specific compensation . . . cannot be made.' It then became due. *Wrenn* v. *Connecticut Brass Co.*, supra, 37, 38 [96 Conn. 35, 112 Atl. 638]. We must assume that in adopting the amendment of

1919 the General Assembly had in contemplation the construction and operation thereby accorded this statute, and that 'usual compensation for total incapacity,' as employed in the amendment, referred to and signifies the compensation covering the abovementioned period rather than the separate and distinct compensation provided for by § 5351 (1918), § 5236 (1930)."

The opinion goes on to point out that this construction may, under exceptional circumstances, work an injustice but concludes (p. 715) that "the experiences of administration thereunder have produced no further amendments bearing upon this question for more than a decade [to which period eight more years may now be added]. If justice requires further adjustments, it is for the General Assembly to devise and make them."

It follows that the award made by the commissioner under § 5237 was correct.

The Superior Court is advised to dismiss the appeal.

In this opinion the other judges concurred.