238 So.2d 639 (1970)
Pilar N. TORRES, Petitioner,
v.
EDEN ROC HOTEL, Employers Service Corporation, and the Florida Department of Commerce, Respondents.
No. 39170.
Supreme Court of Florida.
July 30, 1970.
*640 L. Barry Keyfetz, of Ser, Greenspahn & Keyfetz, Miami, for petitioner.
Eugene E. Williams, of Williams & Jabara, Miami, Patrick H. Mears, and J. Franklin Garner, Tallahassee, for respondents.
ADKINS, Justice.
This case arose when claimant injured her neck and back while working in the laundry at the Eden Roc Hotel on March 18, 1967. The employer, while conceding that compensation was due, refused without showing of necessity or justification during the subsequent fifteen months to pay this compensation. For several months, claimant was disabled and not working. During the nine months following the injury, the claimant required ninety-seven hospital visits, according to testimony by her witnesses.
The employer denies liability not on grounds of lack of need, but lack of notice. After a hearing and order by the Industrial Claims Judge, partially modified by the Industrial Relations Commission, the petitioner sought writ of certiorari in this Court, pursuant to Fla. Stat. § 440.27, F.S.A., to review the order of the Judge and the Industrial Relations Commission.
Initally, it must be observed that examination of the record and pleadings reveals tenacious resistance by the employer in paying compensation legally and justly due the injured employee. The conduct of persons involved in this case, particularly the employer, was not in keeping with the spirit of advocacy as contemplated by the Workmen's Compensation Law. This Court has said in many cases that the purpose of the Workmen's Compensation Law is to secure a prompt and fair settlement for an injured claimant, and that doubts in construction *641 of the Law should be resolved in favor of the claimant. One of the primary purposes of the Law was to establish a fair, prompt means of disposing of claims, and thus avoid the type of prolonged litigation which is present in this case. This Court stated that
"One purpose of Workmen's Compensation Act, among other purposes, is to make available promptly medical attention, hospitalization and compensation commensurate with the injury sustained in the course of employment; to place on the industry served and not on society the burden of providing for injured or killed workmen and their families." [Florida Game & Fresh Water Fish Commission v. Driggers, 65 So.2d 723, 725 (Fla. 1953)]
The facts show that the injured party was a 55-year-old woman who worked in the respondent's laundry for $7.50 per day, plus 25¢ per meal and a fresh uniform each day. She was injured when she fell on a concrete floor.
Penalties were assessed by the Commission against the respondent employer for its failure to make timely payment of compensation, and the propriety of this order is here for review. The Industrial Relations Commission, in its order of October 16, 1969, stated:
"The record reflects that a claim was filed on March 28, 1967, and that only one week of temporary disability benefits were paid to the claimant. The transcript of the hearing conducted on July 27, 1968, reflected that the employer and carrier conceded that the claimant was entitled to temporary disability benefits from March 18, 1967, through July 7, 1967. It is further borne out by the record that as of July 25, 1968, more than one year after benefits were due they were still unpaid. The claimant was awarded temporary disability benefits by the Order entered September 30, 1968. Claim was made for penalties but the Order failed to award or deny same. Accordingly, the Order must be vacated and set aside and the cause remanded to the judge of industrial claims to award penalties pursuant to Section 440.20(5) and (6), Florida Statutes [F.S.A.]."
The Commission's order for payment of penalties is well-grounded. As this Court said in Brantley v. A D H Building Contractors, Inc., 215 So.2d 297 (Fla. 1968):
"An obvious purpose of the penalty provision is to induce prompt payment of legitimate claims and to protect claimants against unnecessary and unjustifiable delays." (p. 298)
In the present case, the record shows unnecessary and unjustifiable delay of more than one year in payment of a claim conceded to be due. The order of the Industrial Claims Judge is in error, and that of the Industrial Relations Commission ordering penalties is proper. See Lockett v. Smith, 72 So.2d 817 (Fla. 1954).
Claimant contends the Judge of Industrial Claims erred in failing to include the value of uniforms furnished the claimant in calculating the average weekly wage for which compensation should be paid. Claimant is correct. Evidence in the record establishes that such uniforms were furnished. Although the value was not established by expert testimony, but by lay witnesses, the Industrial Claims Judge is not at liberty to ignore completely the value of these uniforms, thereby miscalculating the value of average weekly wage to the detriment of the claimant. The wage calculations of the Judge of Industrial Claims are otherwise correct. See New Fort Pierce Hotel Co. v. Gorley, 137 Fla. 345, 188 So. 340 (1939), which established the basic underlying principles pertinent to cases of in-kind compensation.
Claimant contends that interest should be paid for late compensation, within the guidelines established by this Court in Parker v. Brinson Construction Company, 78 So.2d 873 (Fla. 1955). As in the case of temporary benefits, there is no dispute *642 but that interest payments were due the claimant. There is, however, a dispute as to whether they have been paid. Claimant's counsel contends interest has not been paid. Respondent's counsel contends it has paid all sums due under the orders of the Judge of Industrial Claims and Industrial Relations Commission. The Commission states that it is not necessary to include interest in orders of the Judge or Commission, since under its rules payment of interest is automatic. Claimant, however, states that despite the rule of automatic payment, the payment has not been made. In fairness to all parties, determination must be made whether the interest has in fact been paid. If it has not, it appears that imposition of penalties to Fla. Stat. §§ 440.20(5) and 440.20(6), F.S.A., would not be inappropriate. Further, the Commission may wish to reexamine its rule to determine whether the procedures being followed are in accord with the Brinson decision, supra. It appears there is need to restate that in Brinson this Court held interest to be a part of compensation, its purpose being to help low-income claimants who are dependent on their wages for immediate, day-to-day needs and whose compensation is improperly withheld.
Claimant's counsel next contends that the attorneys' fee ordered by the Judge of Industrial Claims of $200, left undisturbed by the Commission, is an inadequate fee. Claimant is correct. The Industrial Claims Judge based his award of attorneys' fee on fourteen weeks temporary disability benefits, and not for payment of permanent benefits also found justified. The record evidence discloses that the employer's physician testified that in a report on June 27, 1968, one month before the compensation hearing, he reported that the claimant had suffered five per cent permanent disability, based on an examination on May 1, 1968. However, at the hearing July 27, 1968, one month after the date of its doctor's report, the employer's counsel stated at the compensation hearing that the employer was resisting payment of benefits for permanent disability. The employer cannot have his cake and eat it too. Having denied liability at the hearing, and having forced the claimant to call her witnesses and attempt to provide permanent disability, the employer cannot be heard later in the hearing to say that it had begun voluntary payment of permanent benefits. Having forced the issue to a hearing, the employer cannot avoid payment of attorneys' fee resulting from that hearing, by contending that it voluntarily commenced payment of benefits. The attorneys' fee established by the Judge of Industrial Claims is inadequate, and should be increased upon remand.
It is contended that the Industrial Claims Judge erred in failing to grant payment of medical bills of claimant. Fla. Stat. § 440.13(1), F.S.A., provides that an injured claimant may under certain circumstances, in essence not prejudicial to the employer, seek his own medical assistance. Notice is required to the Commission and the employer. In the case sub judice, the issue which was litigated by the parties and as to which the Industrial Claims Judge made findings of fact, was whether the ten-day notice rule had been complied with. The rule provides, in part:
"[N]or shall any claim for medical, surgical or other remedial treatment be valid and enforceable unless within ten days following the first treatment (except in cases where first aid only is rendered) and thereafter at such intervals as the commission by regulation may prescribe the physician or other recognized practitioner giving such treatment or treatments furnish to the commission and to the employer a report of such injury and treatment on forms prescribed by the commission, provided that the commission for good cause may excuse the failure of the physician or other recognized practitioner to furnish any report within the period prescribed and may order the payment to him of such remuneration for treatment or service rendered as the *643 commission finds equitable." Fla. Stat. § 440.13(1), F.S.A.
It is a fair interpretation of this provision to conclude that it has three purposes. First, to notify the Commission and promptly bring the claim and treatment within the machinery of the workmen's compensation program. Second, to notify the employer so as to avoid the risk of inflated medical bills or of treatment which duplicates treatment made available by the employer or which would have been made available, it being a part of the compensation philosophy that the employer should provide medical care for his employees' injuries, and an employee should not be expected to fend for himself; this is a different philosophy from that underlying treatment and recovery of damages for civil torts. Third, since there is inherent harshness and risk of injustice in a rule which denies recovery to a merited claim on failure to meet a procedural time limit, there is a "good cause" provision which is intended to allow recovery of equitable claims, even if not filed in time, within the discretion of the Commission, subject to judicial review. For good cause, the Court should not enforce the ten-day limitation. For example, inability to file, waiver or conduct by the employer, may support a finding of good cause to waive the ten-day requirement. Actual knowledge is an important element of waiver. In the case sub judice, the findings of fact of the Industrial Claims Judge are inadequate to review the correctness of his decision barring the medical claim.
As herein stated, the orders of the Industrial Relations Commission and the Judge of Industrial Claims are affirmed in part and modified in part. This cause is remanded to the Industrial Relations Commission for further proceedings consistent with the law of the case.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and BOYD, JJ., concur.