THOMPSON, Judge.
The appellant challenges an Order awarding attorney’s fees, arguing in part that the Deputy Commissioner (“the Deputy”) erred in determining the amount of benefits obtained for the appellant by his attorney. We agree and reverse.
In February 1977, the appellant was involved in a work-related accident. The employer/carrier voluntarily paid temporary total disability benefits until November 1977, and then paid permanent partial disability (“PPD”) benefits for approximately one month. At that point, the employer/carrier resisted the payment of the remaining PPD benefits. However, this resistance was abandoned after the attorneys herein attended hearings and the Deputy indicated that the basis for resistance was invalid. Thereafter, the employer/carrier resumed paying PPD benefits to the extent of $3,000.00 and subsequently reached an additional lump sum settlement for $2,664.50. The Deputy later entered his Order, finding inter alia that the benefits obtained for the appellant amounted to $2,664.50, and that all other benefits were voluntarily provided by the employer/carrier.
Section 440.34(1), Fla.Stat. (1977), provides in part that the employer/carrier shall be responsible for the payment of a claimant’s attorney’s fees if they should “resist unsuccessfully the payment of compensation . . . . ” This provision is applicable to this case. The employer/carrier cannot resist paying benefits thereby forcing the issue to an unsuccessful hearing, and then claim afterwards that their remaining payments were voluntary. See Torres v. Eden Roc Motel, 238 So.2d 639, 642 (Fla. 1970). Thus, the Deputy erred in finding that the employer/carrier voluntarily provided the $3,000.00 in PPD benefits referred to above.
We have considered the remaining points raised by the appellant and find them to be without merit. Accordingly, we reverse the Deputy’s Order and remand this cause with instructions to the Deputy to reconsider his *253 award of attorney’s fees in light of the total amount of benefits actually obtained for the claimant by his attorney.
MILLS, C.J., and McCORD, J., concur.