14084

PICKENS v. MAXWELL BROS. & QUINN

(180 S. E., 848)

*Messrs. James Hopkins* and *Chas. F. Cooper,* for appellant,

*Messrs. Herbert & Dial,* for respondent,

June 6, 1935.

The opinion of the Court was delivered by MR. E. C. DENNIS, ACTING ASSOCIATE JUSTICE.

This action was commenced in the Magistrate Court of Richland County for damages in the sum of $100.00. When the case was called for trial, the defendant took the position that the magistrate in Richland County did not have jurisdiction of an amount greater than $25.00. The magistrate overruled this contention and rendered judgment in the sum of $100.00.

This matter was then heard on an appeal by Judge Mann, and the magistrate was reversed. The circuit Judge held that the contention of defendant. was correct, and that the magistrate did not have jurisdiction in a case where the amount demanded exceeded $25.00. In so far as the jurisdiction of a magistrate in Richland County is concerned, the present case is of no importance except for the principle involved, for the reason that the legislature passed an Act which now makes clear the jurisdiction of magistrates in Richland County.

The principle, however, involved in this matter is one of importance, and therefore deserves the same consideration as if it were now applicable to Richland County, as it may affect other counties.

The order of Judge Mann is very convincing. A casual reading of this order is most persuasive. However, a further study brings out the error.

In the interpretation and construction of statutes, the primary rule is to ascertain and give effect to the intention of the legislature. As has frequently been stated in effect, the intention of the legislature constitutes the law. All rules for the interpretation and construction of statutes of doubtful meaning have for their sole object the discovery of the legislative intent, and they are valuable only in so far as, in their application, they enable us the better to ascertain and give effect to that intent. Even penal laws, which it is said should be strictly construed, ought not to be so construed as to defeat the obvious intention of the legislature. 25 R. C. L., page 960.

The Constitution and the statute law of this State fix the jurisdiction of magistrates in all of the counties of the State.

The question in this case is whether or not the law set forth in Volume 1 of the 1932 Code (Code of Civ. Proc., tit. 2, c. 3), Article 1, Sections 75 to 101 thereof, providing for the establishment of County Courts, is controlling in this case.

That Act provides the method and procedure for the establishment of County Courts generally. Section 94 abolishes the jurisdiction of magistrates in criminal cases in all counties wherein the County Court shall be established, and Section 95 reduces the jurisdiction of magistrates in civil cases to an amount not exceeding $25.00.

The County Court of Richland County was established later by an independent Act which is Article 5 of the Code of 1932 (Code Civ. Proc., tit. 2, c. 3), Sections 164 to 181 inclusive.

Under this Act the County Court of Richland has no criminal jurisdiction at all, but has civil jurisdiction where the amount demanded in the complaint does not exceed

$3,000.00. The County Court has concurrent jurisdiction with the Circuit Court to hear and determine all appeals in civil cases from judgment rendered by the magistrates' Court, and the proceedings on such appeals are the same as to the Circuit Court. In the present case Judge Mann held that since the Act establishing the County Court of Richland County is silent as to the limitation on the magistrates' Courts, both civil and criminal, that Article 1 is controlling.

If this is a correct conclusion, it necessarily follows that the magistrates of Richland County had no criminal jurisdiction to try cases, and their jurisdiction in civil matters is limited to an amount not exceeding $25.00.

It seems very clear that the Legislature, in establishing a County Court of Richland County, had no intention to abolish the jurisdiction of magistrates in crimminal cases, as that would have necessitated the trial of all criminal cases in the Court of General Sessions. This is so because the County Court had no criminal jurisdiction, and the only Court for the trial of a criminal case would be the Court of General Sessions, however insignificant the criminal case might have been. If it is held that the magistrates of Richland County were limited in civil cases, it necessarily follows that their jurisdiction in criminal cases was abolished. It seems to carry an implication that is unreasonable.

The order of Judge Mann sets forth in detail the different provisions of the Constitution and the statutes with reference to this matter except that he does not refer to Section 94 of the Code, which abolished the jurisdiction of magistrates in criminal cases. It is not necessary to set forth in detail these different sections, as it would have the effect of making this opinion unnecessarily long.

The judgment of the Circuit Court is reversed, and the judgment of the magistrate is affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE, concur.