14921

BANNISTER v. SHEPHERD *ET AL.*

·(4 S. E. (2d), 7)

February, 1939.

ORDER OF JUDGE GRIMBALL

This is an appeal from the South Carolina Industrial Commission's award. By consent of all parties, this appeal was taken up before me at Aiken on January 23, 1939, at which time the appeal was argued by counsel, pro and con. I reserved my decision to give thorough consideration to the matter involved.

The facts are, that Eugene Bannister was employed in this State to work for W. C. Shepherd, Bannister residing at

the time in Abbeville County. On September 2, 1937, while in the course of his employment, he received injuries near Aiken, in Aiken County, South Carolina, resulting in the loss of part of a leg and a small toe, and other injuries and damages described in the testimony. The hearing Commissioner decided that the Commission did not have jurisdiction, but the full Commission reversed the hearing Commissioner and held that the Commission did have jurisdiction. The Commission proceeded to ascertain the necessary information that resulted in the award. The carrier objected to this procedure, saying that it did not intend to waive jurisdiction. When the full Commission made its award in favor of the plaintiff, Eugene Bannister (and the employer, it will be noted, did not object to jurisdiction, but freely admitted that the Commission had jurisdiction), the carrier appealed to the Court of Common Pleas from the award and now raises, among other things, the question of jurisdiction. In fact, the exceptions raise these questions:

1. The Commission erred in failing to hold that the Georgia Industrial Commission did not have exclusive jurisdiction over the subject-matter herein involved.

2. The Commission erred in finding that it has jurisdiction over the subject-matter herein involved.

3. The Commission erred, as a matter of law, in placing the functional loss of the use of claimant's leg at seventy-five per cent.; whereas, the same should have been fifty per cent.

4. The Commission erred, as a matter of law, in fixing the claimant's average weekly wage at Fifteen and 82/100 ($15.82) Dollars; whereas, the same should have been fixed at Twelve and 50/100 ($12.50) Dollars.

As to the first exception. The compensation law of this State, Act July 17, 1935, 39 St. at Large, p. 1231, defines who are employers and who are employees, and also fixes the status of the carrier and the employer with reference to the benefits provided in the law for the employee. Upon consideration of the testimony, and particularly

that Bannister was employed in South Carolina, to work on South Carolina jobs; that he sustained his injuries in South Carolina while taking a tractor from a South Carolina job to be repaired, this Court cannot say, as a matter of law, that the South Carolina Commission had no jurisdiction, especially in view of the fact that Bannister's work carried him into the states where Shepherd had the jobs, and that in South Carolina the insurance premium was based upon the amount of the payroll, and Bannister was upon the Walterboro, South Carolina, payroll at the time he was injured.

Exception two covers practically the same matter as set forth hereinabove with reference to Exception one, except as to the feature pertaining to the exclusiveness of the statute. By reference to the Georgia statute, it will be seen that the statute anticipates recoveries in other states; but it appears from the testimony that the Commission not only had jurisdiction of the parties, but of the subject-matter as well; and that it has all machinery for enforcing the judgment or award of the Commission. It is elementary law that parties may contract with reference to the place of performance, and in that event the law of the place of performance would govern.

The third and fourth exceptions involve purely questions of fact, according to the adjudications of the Courts of this State. The doctor's testimony was being considered by the Commission. He testified at one time that the loss was seventy-five per cent. and later that it may not exceed fifty per cent. However, all the testimony was before the Commission for its consideration. The Courts hold that where a witness' testimony conflicts with other testimony, or where conflicts arise in his own testimony, it then becomes a matter of opinion for the triers of the facts, and I am not permitted to disturb findings of fact where there is testimony to sustain them. This principle is equally applicable to the fourth ground, there the average weekly wage is found. The testimony is that Bannister lived largely on the truck, eating and lodging wherever his work carried

him, and that he got Twelve and 50/100 ($12.50) Dollars a week as straight salary, and board and lodging that really average more than Three and 32/100 ($3.32) Dollars per week, and the Court cannot say, as a matter of fact, that this was not additional to his straight Twelve and 50/100 ($12.50) Dollars per week. There are a number of cases referred to in *Paul Thibeault v. General Outdoor Advertising Company*, 114 Conn., 410, 158 A., 912, 84 A. L. R., 184. There are a number of cases referred to in the annotations from states having dealt with the Workmen's Compensation Law for some time. It seems from those cases that where the allowance represents a real and reasonably definite economic gain to the employee, reasonably within, or at least not contrary to, the fair intent of the parties, such allowances should be considered as part of his earnings in computing workmen's compensation.

Therefore, the appeal must be, and hereby is, denied and the award of the full Commission affirmed.

### ORDER OF JUDGE BELLINGER

This matter comes before me upon a rule to show cause heretofore issued by Judge Stoll, dated April 4, 1939, requiring the defendant, American Mutual Liability Insurance Company, if any it can, to show cause why the said defendant has not complied with the order and judgment of this Court with respect to the payment to be made to Eugene Bannister.

Judge Rice having disqualified himself, the matter comes before me by the written consent of the attorneys representing the respective parties.

It appears from the petition upon which the rule to show cause was issued, that the plaintiff was injured while in the employ of W. C. Shepherd, on or about September 2, 1937, and that pursuant to proceedings duly had on July 7, 1938, the Industrial Commission of South Carolina made an award of compensation to the plaintiff, in which it directed

the American Mutual Liability Insurance Company, the carrier, to pay the amounts set forth in said award.

It further appears that said carrier appealed to this Court from such award, and that by order of this Court the award was affirmed on February 1, 1939.

The petition further shows that said carrier gave notice of intention to appeal to the Supreme Court from said order, but that said appeal has not been perfected, nor has the record herein been filed in the Supreme Court; and that said carrier has refused to make the payments required by the judgment of this Court, and that the plaintiff "is much in need of the compensation, not only for his own personal living purposes, but because he is in need of a leg."

The respondent appeared by counsel and made oral return to the rule, and admitted the facts contained in the petition but denied that the plaintiff was entitled to the relief sought, taking the position that the filing of the notice of intention to appeal to the Supreme Court from the order of this Court *per se* acted as a supersedeas, and that the order therefore could not be enforced until the final determination of the issues raised by the appeal. The defendants ask that the rule be dismissed.

Section 60 of Act No. 610, of the Acts of the General Assembly of South Carolina (Acts of 1936, pages 1231, 1260), provides: "§ 60. Award—Effect—Appeal—Payment of Compensation During Appeal—The award of the Commission, as provided in Section 58, if not reviewed in due time, or an award of the Commission upon such review, as provided in Section 59, shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within thirty days from the date of such award, or within thirty days after receipt of notice to be sent by registered mail of such award, but not thereafter appeal from the decision of said Commission to the Court of Common Pleas of the county in which the alleged accident happened, or in which the employer resides or has his principal office, for

errors of law under the same terms and conditions as govern appeals in ordinary civil actions. In case of an appeal from the decision of the Commission, on questions of law, said appeal shall operate as a supersedeas for thirty days only, and thereafter employer shall be required to make payment of the award involved in said appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this Act."

The defendant takes the position that if it be required to make the payments provided for in the award and the Supreme Court should ultimately reverse the order and judgment of this Court and set aside the award that it would have no way of recovering the payments finally determined not to be due and owing by it, and therefore if Section 60, *supra,* be so construed as to require the payments of such award during the pendency of its appeal that said section would deprive it of the equal protection of law and would therefore be unconstitutional.

The defendant further took the position that even if the Act should require the payment of the award pending the appeal that the Legislature intended the payment to be made to some one other than the plaintiff. This contention of defendant is untenable because if the Legislature intended any such payment, it would have so stated, whereas the Legislature said that the "employer shall be required to make payment of the award involved in said appeal." The award necessarily required payment thereof be made to the plaintiff.

Upon consideration of defendant's first ground of objection, at first glance it does seem unfair to require the payment of the award during the pendency of an appeal, especially so, when there is no way prescribed for its recovery in the event the award should be set aside. But, however, when we consider the purpose of enacting the Workmen's Compensation Act, *i. e.,* to provide a system "whereby employers and employed might escape from personal injury litigation and every employee not guilty of

willful misconduct might receive *at once* a reasonable recompense for injuries accidentally received in his employment under certain fixed rules and without friction" (71 C. J., 242-3) it does not seem unreasonable or unfair. In *Employers' Mutual Ins. Co. v. Industrial Commission of. Colorado,* 65 Colo., 283, 284, 176 P., 314, 316, the Supreme Court of Colorado in refusing to enjoin the payment of an award by the Industrial Commission of that state, said: "It is to be noted in this connection that the judgment of the Commission in favor of a claimant is *prima facie* evidence of his right to recover. Procedure under the act is summary in character in order to furnish immediate aid to injured employees, and a careful reading of the statute as a whole leads to the conclusion that it was the intention of the legislature that payment of these weekly allowances should not be staid. Indeed, to hold that such payments can be enjoined pending judicial review would in effect practically nullify one of the prime objects and purposes of the law." What the Supreme Court of Colorado said of its compensation Act may also be said of our own compensation law. That our Legislature intended prompt payment of awards and intended to and did put a penalty for unreasonably defending claims for compensation by Section 62 of the Act whereby it provided that "If the Industrial Commission or any Court before whom any proceedings are brought under this Act shall determine that such proceedings have been brought, prosecuted, or defended without reasonable grounds, it may assess the whole costs of the proceedings upon the party who has brought or defended them." See *Cole v. State Highway Department,* 190 S. C., 142, 2 S. E., (2d), 490.

The Legislature has in clear and convincing language provided that an appeal shall only act as a supersedeas for a period of thirty days; whether or not this was a wise decision on the part of the General Assembly, it is not the province of this Court to say. This Court can only carry out the intention of the Legislature as expressed

in the Act. See *Pickens v. Maxwell Bros. & Quinn,* 176 S. C., 404, 180 S. E., 348; *Fulghum v. Bleakley,* 177 S. C., 286, 181 S. E., 30; *City of Spartanburg v. Leonard,* 180 S. C., 491, 186 S. E., 395; *Brown v. Sikes,* 188 S. C., 288, 198 S. E., 854.

■ Does Section 60 of the Act as herein construed deprive the defendant of the equal protection of the laws? It does not, because one must have a legal right before one can claim that the Legislature unconstitutionally deprived him of it.

■ Under our American system of jurisprudence an appellant has no constitutional or other right entitling him to a supersedeas pending an appeal, in the absence of express statutory authorization. Here the statute in question (Section 60) gives the defendant a supersedeas, but only for the period of thirty days.

That the foregoing is true is well shown by the following quotations. The authors of American Jurisprudence set forth the rule to be that: "In the absence of express statutory authorization, it is apparent that the appellant is not entitled to a supersedeas or stay of proceedings as a matter of right." 3 Am. Jur., No. 538, page 196.

The authors of Corpus Juris *secundum* set forth the same rule in these words: "The matter of supersedeas and stay of proceedings below on appeal or writ of error is in most jurisdictions, if not all, the subject of express statutory provision, and the general rule now is that a supersedeas or stay can be had as a matter of right only where it is provided for by statute, and a strict compliance with the terms and conditions prescribed by the statute. * * * *The right to have an appeal or a writ of error made a supersedeas is not a constitutional right, and therefore the legislature may impose the terms upon which it shall be granted.*" (Italics added.) 4 C. J. S., Appeal and Error, § 629, page 1110.

Illustrative of the underscored portion of the above quotation, the States of Georgia, Virginia and North Carolina, by their Workmen's Compensation Acts, have specifically

provided that an appeal from an award shall act as a supersedeas. The Workmen's Compensation Law of Massachusetts provides: "Orders or decisions of the reviewing board or department, decrees of the superior court upon such orders, decisions of a member of the department from which no claim for review has been filed within the time allowed therefor, or memoranda of agreements approved by the department shall have effect, notwithstanding an appeal, until it is otherwise ordered by a justice of the supreme judicial court, who may in any county suspend or modify such decree, order or decision, during the pendency of the appeal." Section 17 of Mass. Workmen's Compensation Act, Chapter 152, General Laws of Mass., Ter. Ed., Vol. 2, pages 1915, 1916.

In interpreting this statute, this Court is bound to seek to discover the legislative purpose in enacting it. *Brown v. Sikes, supra,* and having done so it is apparent that the legislative purpose was to allow a supersedeas for only thirty days, which was neither unreasonable nor unconstitutional, especially so when the facts of this particular case are considered. The accident happened September 2, 1937, the award was made July 7, 1938, and so far the claimant has as yet received not one cent on account of the award; the case is now on appeal to the Supreme Court and if this Court did not order the payment of the award another year might elapse before the claimant would receive any benefit from his award. It is entirely probable that it was to prevent just such delays, as here, that the Legislature only allowed a supersedeas for thirty days. It must also be borne in mind that the Workmen's Compensation Act is a form of social legislation passed primarily for the benefit of the employee, and to prevent the burden of injured employees becoming charges upon society.

Therefore, the two questions raised by the return of the respondent must be decided against it.

It is ordered, adjudged and decreed, that the defendant, American Mutual Liability Insurance Company, do pay unto

the plaintiff, Eugene Bannister, the amount of the award involved in the appeal herein until the question at issue therein shall have been fully determined in accordance with law.

*Mr. William Elliott, Jr.,* for appellants,

*Messrs. Williams & Busbee,* for respondent,

July 20, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The case arose under the South Carolina Workmen's Compensation Law. The full Commission made an award, which upon appeal to the Circuit Court was affirmed in an order by his Honor Wm. H. Grimball. After notice of intention to appeal from this order had been served, the claimant moved to require the appellants to comply with the award. Over the objection of the appellants, his Honor G. Duncan Bellinger filed an order directing the insurance carrier, American Mutual Liability Insurance Company, to pay the award pending the appeal. The case comes before us upon appeal from both of these orders.

The facts and circumstances giving rise to this litigation are fully set forth in the orders appealed from. We have given full and careful consideration to the issues involved, and are satisfied with the disposition made of those issues by the Circuit Court. In our opinion, that Court correctly decided the case. Let the order of Judge Grimball and the order of Judge Bellinger be reported.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

Mr. Justice Carter did not participate on account of illness.