FIRST NATIONAL BANK OF MIAMI, a Corporation, *Plaintiff in Error*, v. E. W. BEBINGER, *Defendant in Error*.

En Banc.

Opinion filed June 6, 1930.

*Lilburn R. Railey,* for Plaintiff in Error;

*Shutts & Bowen* and *J. F. McPherson,* for Defendant in Error.

BROWN, J.—Motion has been made by the defendant in error in this case to dismiss the writ of error, which was sued out to review an order or judgment entered by the circuit judge in a proceeding supplementary to execution, upon the ground that a writ of error does not lie to such an' order.

Plaintiff in error secured a judgment against defendant in error in the Circuit Court for Dade County for a considerable amount, upon which execution was issued and returned partially satisfied, showing the levy upon and sale of certain shares of stock for a small sum, leaving the larger part of the execution unsatisfied.

Plaintiff made and filed an affidavit under Section 4540, Comp. Gen. Laws, and an order for the examination of the defendant before a designated commissioner was granted. After the examination of the defendant and several other witnesses, the commissioner submitted a report to the effect that certain property which the examination showed. had been previously to the judgment transferred and conveyed

by the defendant, was conveyed for a valuable consideration at a time when the defendant was solvent, and that the transfers were neither fictitious nor fraudulent, nor for the purpose of hindering, delaying or defrauding his creditors.

Plaintiff filed exceptions to the commissioner's report, and moved the court to set aside the report and hold the property testified about subject to levy under the execution.

The court made an order overruling the plaintiff's exceptions and denying the motion, and adjudging that the property in question was not subject to be taken and applied toward the satisfaction of the judgment, and dismissed the proceedings at plaintiff's cost. Sixty days was allowed for settling bill of exceptions.

To this order or judgment the plaintiff sued out this writ of error.

Proceedings supplementary to execution are governed by Chapter 7842 of the Laws of 1919, now appearing as Sections 4540-4549 of Comp. Gen. Laws of 1927. As was said by Mr. Chief Justice TERRELL in Reese v. Baker, 123 So. R. 3, such proceedings "while unknown to the common law, have come to occupy a very important place in our legal system, and in some of the States have almost or quite superseded the equitable remedy by creditor's bill, the object of which was the discovery and subjection of property to the payment of a debt or judgment."

The statute provides for the examination of the defendant not only, but also that "either party may be examined as a witness in his own behalf and may produce and examine other witnesses as upon the trial of an action." It also expressly provides that the judge "may make any such orders as within his discretion may seem meet in regard to carrying out the full intent and purpose of this article to subject any property or property rights of any

defendant to the satisfaction of any execution against him." It necessarily follows that the judge has the power or jurisdiction, when the evidence justifies it, to order to the contrary; that is, to adjudicate the question as to whether the property or property right brought in question by the proceedings are, or are not, under the evidence, subject to levy under the execution.

While the question is new with us and the authorities are in some conflict, we are of the opinion that the judge's final order or judgment, rendered at the conclusion of such special proceedings, adjudicating the question as to whether certain property is or is not subject to be applied to the satisfaction of the plaintiff's judgment and execution, is so far final and conclusive in its nature as to constitute a final judgment to which writ of error will lie, under Section 4606, Comp. Gen. Laws, and that it may be deemed to have been rendered in a "case" within the meaning of Section 5 of Article V of the Constitution. South Florida Lumber & Supply Co. v. Read, 65 Fla. 61, 61 So. R. 125; Theo Hirsch Co. v. Scott, 87 Fla. 336, 100 So. R. 157; Sheldon v. Powell, decided by this Court April 8, 1930; Spafford v. Brevard County, 92 Fla. 617, 110 So. R. 451; Mugge v. Warnell Lumber Co., 58 Fla. 318, 50 So. R. 645; Farriss v. Holly, 116 So. R. 763, 95 Fla. 360; Wright v. Jones, 103 Ala. 539, 15 So. R. 852; 3 C. J. 451; 23 C. J. 827, 901; 2 R. C. L. 40. Statutes giving the right of appeal are to be liberally construed. Price et al. v. Horton, 76 Fla. 537, 80 So. R. 305. "The words 'case' or 'cause' when used as legal terms are generally understood as meaning a judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected or wrongs prevented or redressed." *Ex parte* Chesser, 93 Fla. 590, 112 So. R. 87. "Whenever," says the Federal Supreme Court, "the claim of a party under the Constitution, laws,

or treaties of the United States takes such a form that the judicial power is capable of acting upon it, then it has become a case. The term implies the existence of present or possible adverse parties, whose contentions are submitted to the Court for adjudication." Muskrat v. U. S., 219 U. S. 341, 53 Law Ed. 246. In this general connection, see: Heebner v. Orange City, 44 Fla. 159, 32 So. R. 879; Baker v. State (Ind.) 9 N. E. R. 711; Herrich v. Kaufman, (Cal.) 33 Pac. R. 857, 37 A. S. R. 50; Watson v. Pryor (Cal.) 193 Pac. R. 797; Societa di Mutuo v. Mantel (Cal.), 89 Pac. R. 659; Pounds v. Chatham, 96 Ind. 342; Harper v. Bagg (Ind.), 42 N. E. R. 1115; In re Downey (Mont.), 78 Pac. R. 772.

In the case of Hirsch Co. v. Scott, *supra*, this Court enunciated, among others, the following general propositions, as shown by the third and fourth headnotes:

"Where after a final decree adjudicating the rights between the parties to the suit and the principal subject of litigation, a subsequent decree disposing of other matters arising after the final decree which required judicial action, may be reviewed on appeal.

"Where a proceeding in an original action is a distinct proceeding in itself, and collateral to the main action, an order made in reference to that proceeding is a final one as to that matter that may be appealed from."

Aside from all abstract theories as to the nature of proceedings such as this, the plain fact remains that this is certainly an adversary proceeding, affecting and deciding very substantial rights. If a creditor's bill for discovery may be deemed a "cause" or "case" in equity, surely this proceeding may be deemed a case at law, and we think that a sound and practical construction of our Constitution and statutes would not deny to parties, whose rights are so

vitally affected by the adjudications of the courts in such proceedings, the right of appellate review.

The motion to dismiss the writ of error will accordingly be denied.

It is so ordered.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.