OCALA MANUFACTURING ICE & PACKING COMPANY v. P. D. PRESKITT.

187 So. 168.
Division B.
Opinion Filed February 17, 1939.
Rehearing Denied March 20, 1939.

*Whitfield & Whitfield,* for Plaintiff in Error;

*Frank R. Greene,* for Defendant in Error.

CHAPMAN, J.—The record shows that Defendant in Error, P. D. Preskitt, filed a petition with the Florida Industrial Commission against Plaintiff in Error, Ocala Manufacturing Ice & Packing Company, for a disability claim under Chapter 17481, Acts of 1935, Laws of Florida. Pursuant thereto a hearing was had, when the respective parties admitted the following facts, viz.:

"Name of the claimant is P. D. Preskitt, whose address is 211 West 5th Street, Ocala, Florida. Claimant is 31 years of age, is married and has no dependents other than a wife. The time of the accident was September 28th, 1937, occurring in Ocala, Florida. Cause of accident: a piece of lumber 2x4, six feet long, falling about six feet above claimant's head and striking him on right side of his forehead. The extent of the injury is in dispute. The accident was reported to the Commission by the carrier on November 5th, 1937. The foreman of the employer had notice of the injury at the time it occurred. All Statutory reports were filed as follows, except reports of Dr. T. H. Wallis; Employer's First Report of Injury; Surgeon's report by Dr. E. Lysons Martin and Surgeon's Report by Dr. H. F. Watt." -

Likewise it was admitted that the following questions between the parties were in dispute, and evidence would be taken thereon:

"1. That the claimed disability is not the result of an

accident within the meaning of the Workmen's Compensation Act.

"2. That the disability claimed is the result of a pre-existing condition.

"3. Length of temporary or total disability.

"4. Extent of permanent partial disability.

"5. The amount of the average weekly earnings."

Considerable testimony was taken before a Commissioner of the Industrial Commission by the respective parties concerning the questions in dispute *supra*. The Chairman of the Industrial Commission reviewed all the evidence offered by the respective parties and made and entered a written order holding that the evidence adduced was insufficient to establish a physical disability for which the petitioner before the Industrial Commissioner, Defendant in Error here, was entitled to receive compensation under Chapter 17481, Laws of Florida, Acts of 1935, and therefore denied the claim and dismissed the petition.

The Defendant in Error perfected the transcript and entered an appeal from the order denying the claim and dismissing the petition to the Circuit Court of the Fifth Judicial Circuit, and perfected the said appeal within the thirty day period prescribed by Division B of Section 27 of Chapter 17481, *supra*. The Honorable J. C. B. Koonce, a Judge of said Court, reversed the findings and order entered by the Florida Industrial Commission, and, after argument of counsel and a full consideration of the testimony, made and entered an order reversing the order denying the claim and dismissing the petition, and further held that said order was contrary to the evidence and contrary to the manifest weight of the evidence and the defense offered by the employer, and that the Defendant in Error's disability was not the result of a pre-existing condition but that the claim was supported by substantial and ample testimony and, aided by the pre-

sumption set out in Section 26 of Chapter 17841, Acts of 1935, the Defendant in Error was entitled to recover.

We have given due consideration of all the evidence and exhibits found in the record; the briefs of counsel have been read and citation of authorities examined and we hold that ample evidence exists to support the findings of fact as made by the Circuit Judge. While it is true that the Circuit Judge did not sit as a court of equity when considering and weighing the testimony presented to him on appeal in reviewing the findings of the Chairman of the Florida Industrial Commission, he did, however, decide the facts upon the record pursuant to his statutory duty. His conclusions on questions of fact on the record here should possibly be given the same weight as a chancellor in a court of equity. If this rule is applied, such findings will not be disturbed unless clearly shown to be erroneous. This showing has not been made to appear. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc. v. Sengstak, 95 Fla. 606; 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v Knowles, 101 Fla. 1375, 133 So. 315, 317.

Counsel for Defendant in Error presents his petition and claims counsel fees under Section 34 of Chapter 17841, *supra,* and we are of the opinion that the said petition should be granted and the sum of $150.00 is hereby allowed as counsel fees for services rendered the petitioner in the prosecution of his said claim. The judgment appealed from is hereby affirmed.

WHITFIELD, BROWN and THOMAS, J. J., concur.