FOOD MACHINERY CORPORATION, Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Carrier, v. EMORY S. BALDWIN.

186 So. 796.

Division A.

Opinion Filed February 24, 1939.

*McKay, Macfarlane, Jackson & Ramsey* and *C. I. Owenby,* for Appellants;

*M. H. Jones,* for Appellee.

TERRELL, C. J.,—On November 2, 1936, while in the employ of Food Machinery Corporation as a millwright, Emory S. Baldwin was alleged to have been permanently injured. On December 10, 1937, in a proceeding brought under Chapter 17481, Acts of 1935, the Florida Industrial Commission made findings of fact after evidence taken, and entered its judgment awarding Baldwin compensation from November 2, 1936, the date of his injury, to December 22, 1936, on the theory that his disability was limited to that incurred from shock or fright and being so, his claim for compensation was limited by these dates.

From this order, Baldwin took his appeal direct to the Circuit Court without requesting the Commission to review its order. The Circuit Court denied a motion to dismiss on the ground that the Florida Industrial Commission should have been first requested to review its order allowing compensation before appeal. On final hearing, the Circuit Court modified and reversed the order of Florida Industrial Commission. From the latter order, this appeal was prosecuted.

Before taking an appeal from the finding and judgment of the Florida Industrial Commission, should Baldwin have applied to the full commission for a review of its order and have had that denied or granted may be stated as the first question presented.

It appears that the award and judgment in this case was made by one member of the Florida Industrial Commission. Section Twenty-five of Chapter 17481, being the Workman's Compensation Act, under which the proceeding was prosecuted, provides that if application for review is made within seven days from the date of the notice of the award, the full commission shall review the evidence and make its award accordingly together with its finding of law and fact. Such an application was not made in this case and since the provision for it was directory rather than mandatory, no error was committed.

We construe this provision of the law to vest in the aggrieved party a right to ask the full Commission to review any award made at his instance but that he may in lieu thereof take his appeal direct without a review by the full Commission. If the request for review is made, the full Commission is required to make it.

It is next contended that the Circuit Court was without power to modify the compensation order or award, that if erroneous his power was limited to setting it aside and remanding it with appropriate directions to the Commission.

This contention likewise must fall because Subsection (b) of Section Twenty-seven of Chapter 17481, Acts of 1935, in terms authorizes the Circuit Judge to reverse or modify the Compensation order provided appeal therefrom is taken within thirty days.

Questions Three, Four, and Five relate to the force and effect of the evidence taken by the Industrial Commission

and to what extent the Circuit Court on appeal is bound by the finding of the Industrial Commission.

The evidence has been examined and found to be infected with very few conflicts on the main issues. The Circuit Judge affirmed the finding and award of the Florida Industrial Commission in some respects but modified and reversed it as to others. To do this, the Circuit Judge was required to review the evidence which he was fully authorized to do. He concluded that Baldwin's injuries were permanent and made his award accordingly. The modification and reversal of the award were based on a difference in conclusion drawn from the evidence by the Circuit Judge from that drawn by the Industrial Commission. In this case, the Circuit Judge wrote a very explicit summary of the evidence and his conclusions therefrom which we have examined and found to be fair, accurate, and well supported.

It would serve no useful purpose to review the evidence in this opinion. If reference to it be necessary we commend an examination of the opinion of the Chancellor on that point which is hereby affirmed.

The judgment below is in other respects affirmed.

Affirmed.

BUFORD, and THOMAS, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.