SOUTH ATLANTIC STEAMSHIP COMPANY OF DELAWARE v. SUMPTER TUTSON and KATIE MAY TUTSON.

190 So. 675
Opinion Filed July 21, 1939

408

*Kay, Ragland & Kurz,* for Appellant;

*A. H. Rothstein,* for Appellees;

*Bedell & Bedell* and *Whitfield & Whitfield,* as *Amici Curiae.*

## STATEMENT

This proceeding originated before the Florida Industrial Commission claiming benefits under the "Florida Workmen's Compensation Act" for the death of Lee Tutson on July 28, 1937. The commission on March 31, 1938, entered its order denying the claim. Appeal was then taken to the Circuit Court for Duval County, Florida, and on September 27, 1938, an order was entered reversing the order of the Florida Industrial Commission. Thereafter, on October 21, 1938, the employer filed notice and entry of appeal to this Court. The appellees have filed motion to dismiss this appeal on the ground that the Supreme Court is not vested with such appellate jurisdiction.

The following provisions of the Florida Constitution and statutes are pertinent to the discussion:

"The judicial power of the State shall be vested in a Supreme Court, Circuit Courts, Court of Record of Escambia County, Criminal Courts, County Courts, County Judges and Justices of the Peace and such other courts or commissions as the Legislature may from time to time ordain and establish. The Legislature may prescribe the compensation of the Justices and Judges of the several courts, but no court heretofore established under Constitution and laws of Florida shall be hereby abolished. (Amended, Joint Resolution 547, Acts 1913; adopted at general election, 1914.)" Sec. 1, Art. V, Constitution.

"The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in circuit courts, and of appeals from the circuit courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants, and in cases of conviction of felony in the criminal courts, and in all criminal cases originating in the circuit courts. The Court shall have the power to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its jurisdiction. Each of the Justices shall have power to issue writs of habeas corpus to any part of the State upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself or the Supreme Court, or any Justice thereof, or before any circuit judge." Sec. 5, Article V, Constitution.

"The circuit courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts, and in all cases involving the

legality of any tax, assessment, or toll; of the action of ejectment and of all actions involving the titles of boundaries of real estate, and of all criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide. They shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before the county judge, of all misdemeanors tried in criminal courts, of judgments or sentences of any mayor's court, and of all cases arising before justices of the peace in counties in which there is no county court; and supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the Legislature may provide. The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, habeas corpus and all writs proper and neces-' sary to the complete exercise of their jurisdiction." Sec. 11, Article V, Constitution.

"Section 11. * * * Section 25, Chapter 17481, Acts of 1935, * * * is hereby amended to read as follows:

"PROCEDURE IN RESPECT TO CLAIMS

"Section 25. (a) Subject to the provisions of Section 19, a claim for compensation may be filed with the Commission in accordance with regulations prescribed by the Commission at any time after the first seven days of disability following any injury, or at any time after the death, and the Commission shall have full power and authority to hear and determine all questions in respect to such claims.

" '(b) Within ten days after such claim is filed the Commission in accordance with regulations prescribed by it, shall notify the employer and any other person (other

than the claimant), whom the Commission considers an interested party, that a claim has been filed.    Such notice may be served personally upon the employer or other person, or sent to such employer or person by registered mail.

" '(c)    The Commission shall make or cause to be made such investigations as it considers necessary in respect of the claim, and upon application of any interested party shall order a hearing thereof.   If a hearing on such claim is ordered, the Commission shall give the claimant and other interested parties at least ten days' notice of such hearing served personally upon the claimant and other interested parties by registered mail.

" 'The hearing shall be held in the county where the injury occurred, if the same occurred in this State, unless otherwise agreed to between the parties and authorized by the Commission.   If the injury occurred without the State of Florida, and is one for which compensation is payable under this Act, then the hearing above referred to may be held in the county of the employer's residence or place of business, or in any other county of the State which will, in the discretion of the Commission, be the most convenient for a hearing.   The hearing may be conducted by a deputy commissioner, or by any member of the Commission, who shall within twenty days after such hearing determine the dispute in a summary manner.

" 'The award, together with a statement of the findings of fact and other matters pertinent to the question at issue shall be filed with the record of the proceedings, and a copy of the award shall be immediately sent to the parties at dispute.

" 'If an application for review is made to the Commission within seven days from the date of notice of the award, the full Commission shall review the evidence or, if deemed

advisable, as soon as practicable hear the parties at issue, their representatives and witnesses, and shall make an award and file the same in like manner as specified in the foregoing, together with its rulings of law in the premises. A copy of the award so made on the review shall immediately be sent to the parties at dispute. The full Commission may remand to a single commissioner any case before the full Commission for review for the purpose of taking additional evidence. Said evidence shall be delivered to the full Commission and shall be taken into account before rendering any decision or award in such case.

" '(d)  At such hearing the claimant and the employer may each present evidence in respect of such claim and may be represented by any person authorized in writing for such purpose.

" '(e)  The order rejecting the claim or making the award (referred to in this Act as a compensation order) shall be filed in the office of the Commission and a copy thereof shall be sent by registered mail to the claimant and to the employers at the last known address of each.

" '(f)  An award of compensation for disability may be made after the death of an injured employee.

" '(g)  An injured employee claiming or entitled to compensation shall sumbit to such physical examination by a duly qualified physician designated or approved by the Commission as the Commission may require. The place or places shall be reasonably convenient for the employee. Such physician or physicians as the employee, employer or carrier may select and pay for may participate in an examination if the employee, employer or carrier so requests. Proceedings shall be suspended and no compensation be payable for any period during which the employee may refuse to submit to examination. Any interested party shall

have the right in any case of death to require an autopsy, the cost thereof to be borne by the party requesting it; and the Commission shall have authority to order and require an autopsy and may in its discretion withhold its findings and awards until an autopsy is held.' " Sec. 11, Ch. 18413, Acts 1937.

"Section 12. * * * Section 27, Chapter 17481, Acts of 1935, * *. * is hereby amended to read as follows:

" 'REVIEW OF COMPENSATION ORDERS

" 'Section 27. (a) A compensation order shall become effective' when filed in the office of the Commission as provided in Section 25 and, unless reversed or modified on appeal as provided in subdivision (b) of this Section, shall become final at the expiration of the thirtieth day thereafter.

" '(b) If not in accordance with law, the compensation order, upon appeal taken by any party in interest within thirty days after the compensation order is filed, may be reversed or modified by the Circuit Court for the Second Judicial District or at the election of either litigant by the circuit court for the county where the injury occurred or if the injury occurred outside the State of Florida, by the circuit court for the county in which the employer has his principal place of business or maintains an office, or by the circuit for any county agreed to by all parties in interest of record or their respective attorneys of record. The compensation order as affirmed, modified or reversed by the circuit court shall be filed in the office of the Commission and shall become final unless reversed or modified by the Supreme Court upon appeal taken within thirty days after the entry of the judgment of the Circuit Court. The compensation order as affirmed, reversed or modified by the Supreme Court shall be filed in the office of the Commission and shall become final.

" 'An appeal from the Commission to the circuit court or from circuit court to the Supreme Court shall be taken by filing a written notice with the Commission, in appeals to the circuit court, and with the circuit court entering the judgment, in appeals from the circuit court to the Supreme Court. The notice shall fix the return day of the appeal, and in appeals from the Commission shall designate the circuit court to which the appeal is taken. An assignment of errors relied upon shall. be filed at the time the said notice of appeal is filed. Said notice of appeal shall be served by mailing a true copy thereof by registered mail, within five days, to the attorney of record for the interested parties, or to interested parties, at the address used by the. Commission in mailing the copy of its award as required by Section 25 (c) of the Compensation Act. The appeal shall be heard by the circuit court upon the record certified by the Commission which shall include a copy of the transcript of the evidence taken before the Commission and such other pleadings or instruments or documents filed before the Commission as either party may request. The appeal shall be returnable from the Commission to the Circuit Court or from the Circuit Court to the Supreme Court to a day more than thirty days and not more than ninety days from the date of the judgment or award appealed from. Every such appeal shall operate as a supersedeas until the entry of the judgment by the circuit court, and such judgment of the circuit court may be superseded by giving a bond conditioned to pay the amount of the award as affirmed with interest and costs, if the same shall be affirmed by the appellate court upon such terms and conditions as shall be fixed by the circuit court entering the judgment appealed from.

." '(c)   If any employer or his officers or agents fails to

comply with a compensation order making an award, that has become final, any beneficiary of such award or the Commission may apply for the enforcement of the order to the circuit court for the district in which the injury occurred. If the court determines that the order was made and served in accordance with law and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

" '(d)   In any court proceedings under this section or other provisions of this Act it shall be the duty of the Attorney General, without extra compensation to appear as attorney or counsel on behalf of the Commission when the Commission is a party to the case or is interested, and to represent the Commission in any court in which such case may be carried on appeal.' "   Sec. 12, Chapter 18413, Acts 1937.

WHITFIELD, J.—Appellees move to dismiss this appeal herein which was taken from the judgment of the circuit court reversing an order made by the Florida Industrial Commission under the State Workmen's Compensation Act. The question to be determined is whether under the Constitution there can be an appeal from the circuit court to the Supreme Court of Florida in cases where the judgment of the circuit court appealed from was rendered on a statutory appeal to the circuit court from an order of the Florida Industrial Commission, a statutory administrative commission in which no judicial power has been vested by the Legislature under Section 1, Article V of the State Constitution, as amended in 1914.

Section 1, Article V, Florida Constitution, as amended

in 1914, provides that "the judicial power of the State shall be vested in" stated courts "and such other courts or commissions as the Legislature may from time to time ordain and establish."

The governmental authority conferred upon the Florida Industrial Commission by the Workmen's Compensation Acts of 1935 and 1937, Chapters 17481 and 18413, Laws of Florida, is not "judicial power" within the meaning of the above quoted provision of the Constitution, which "judicial power" ("except in cases expressly provided for by this Constitution," Article II, Constitution) can legally be exercised only by duly authorized judicial officers and courts and by such "commissions as the Legislature may from time to time ordain and establish, "and vest" with "judicial power" under Section 1, Article V, as amended in 1914. See also the last clause of Section 35, Article V, Constitution, as amended in 1910.

Authority conferred and duties imposed upon the "Florida Industrial Commission" by Chapters 17481 and 18413, Laws of Florida, are essentially administrative in their nature, even though some portions of the authority so conferred may be regarded as *quasi* judicial, involving official judgment, which is not forbidden by the Constitution to be exercised by administrative officers with appropriate statutory authority and limitations in order to effectuate duly authorized governmental administrative functions. Some governmental functions that are not essentially *legislative or judicial powers* may by statute be conferred upon administrative officers, boards or commissions, to be exercised within appropriate statutory limitations, even though such governmental functions may also by statute be assigned to judicial or other proper officials who under the Constitution are vested with governmental powers. See State v. A. C. L

R. R. Co., 56 Fla. 617, 47 So. 969, 32 L. R. A. (N. S.) 639; State *ex rel.* v. Duval County, 76 Fla. 180, 79 So. 692. See also 71 C. J. 290.

The Constitution permits some judgment and discretion to be exerted by the Legislature in enacting statutes authorizing administrative functions to be performed by administrative officers, boards or commissions when no provision of organic law is violated in making or administering such provisions. See Article II; Sections 17, 20, Article IV; Sections 1, 35, Article V; Section 30, Article XVI. The circuit courts have original jurisdiction and also appellate and supervisory jurisdiction in stated matters "and of such other matters as the Legislature may provide." Section 11, Article V.

Such a State policy with reference to administrative determinations is becoming more and more essential to efficient government, since the processes of the legislative and judicial departments are not designed to perform the constant and expeditious functions necessary to administrative governmental regulations of expanding business, commercial, industrial, and social relations in the rapid progress and development of a great and growing State. See R. R. Comm. v. P. & A. R. R. Co., 24 Fla. 417, 5 So. 129; State v. A. C. L. R. Co., 56 Fla. 617, 47 So. 969, 32 L. R. A. (N. S.) 969; State *ex rel.* v. Tampa Water Works Co., 56 Fla. 858, 47 So. 358; State *ex rel.* v. So. Tel. & Const. Co., 65 Fla. 270, 61 So. 506; Gainesville G. & E. Power Co. v. Gainesville, 63 Fla. 425, 58 So. 785; Demeter Land Co. v. Fla. Pub. Serv. Corp., 99 Fla. 954, 128 So. 402; Fla. Motor Lines, Inc. v. R. R. Comm., 100 Fla. 538, 129 So. 876; Maryland Cas. Co. v. Sutherland, 125 Fla. 282, 169 So. 679; Prettyman, Inc., v. Fla. Real Estate Comm., 92 Fla. 515, 109 So. 442; Miami Laundry Co. v. Fla. Dry

Cleaning & Laundry Co., 134 Fla. 1, 83 So. 759; First Nat. Bank v. Bebinger, 99 Fla. 1290, 128 So. 862; State *ex rel.* v. Jacksonville Terminal Co., 90 Fla. 721, 106 So. 576.

The Constitution prescribes the tribunals in which the judicial power of the State shall be vested, and also defines the jurisdiction of the courts severally, that is, prescribes what parts of the judicial power of the State shall be vested in the several classes of the courts. Constitutional definitions of jurisdictions control; but when such organic definitions of jurisdiction do not expressly or impliedly ·forbid, statutes may add to the jurisdiction of courts, when not inconsistent with the Constitution.

When by amendment the Constitution provides that the judicial power of the State, both original and appellate, shall be vested in stated courts, which are by the Constitution given prescribed jurisdiction, and in "such other courts or commissions as the Legislature may from time to time ordain and establish," and such organic amendment does not prescribe the jurisdiction that may be vested in "such other courts or commissions," such organic amendment by necessary implication and intendment contemplates that statutes should define the jurisdiction of "such other courts or commissions," provided no express or necessarily implied provision of the Constitution shall be violated in such statutory definitions of jurisdiction. Otherwise the object of the constitutional amendment to authorize "other courts or commissions" to be ordained and established by the Legislature could not be effectively accomplished, and the organic intent to authorize the Legislature to provide for supplying the growing needs of the State for statutory expansion of the judicial department would be frustrated and the need unsupplied.

Prior to January 1, 1887, when the present State Constitution became effective, there were in Florida very few State administrative boards or commissions. The most important administrative board being the Trustees of the Internal Improvement Fund created by Chapter 611, Laws of Florida, approved January 6, 1855, whose official acts in administering the trust property are subject to the equity jurisdiction of the courts. See Trustees I. I. Fund v. Bailey, 10 Fla. 112, 81 Am. Dec. 194; Trustees I. I. Fund v. St. Johns Ry. Co., 16 Fla. 531; Trustees I. I. Fund v. Root, 59 Fla. 648, 51 So. 535; Trustees I. I. Fund v. Root, 63 Fla. 666, 58 So. 371; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449. Other administrative boards and commissions are subject to the judicial power of the courts as may be provided by the Constitution and by the statutes that do not violate the Constitution. See State v. A. C. L. R. Co., 56 Fla. 617, 47 So. 969, 32 L. R. A. (N. S.) 639.

Since the present Constitution was adopted, there has been great need for, and development in, administrative law; and constant increases made in the number of statutory administrative commissions and boards, beginning with the Railroad Commission, which was established in 1887, abolished in 1891, and re-established in 1897. The orders and regulations of the Railroad Commission and other administrative boards and commissions are subject to judicial review by mandamus, certiorari, injunction, or other duly authorized procedure; but the statutes perhaps did not effectively provide for *appeals or writs of error* from the proceedings of any administrative boards or commissions to the circuit court with a further appeal to the Supreme Court, until the enactment of the Florida Workmen's Compensation Act, Chapter 17481, Laws of 1935, amended

by Chapter 18413, Acts of 1937. See 5966 (1), *et seq.*, C. G. L. Perm. Supp. & Cum. Pocket Part.

Chapters 17481 and 18413 provide for an appeal from awards of the Florida Industrial (Workmen's Compensation) Commission to the circuit courts and for an appeal from the circuit courts to the Supreme Court. Several such appeals to this Court have been heretofore adjudicated, no question as to the jurisdiction by statutory appeal of this Court in such cases being *presented* by the parties in any previous case. Maryland Cas. Co. v. Sutherland, 125 Fla. 282, 169 So. 679; Food Machinery Corp. v. Baldwin, 136 Fla. 369, 186 So. 796; Ocala Mfg. I. & P. Co. v. Preskitt, 136 Fla. 796, 187 So. 168; Cohen v. Sloan, 137 Fla. 335, 188 So. 331; New Ft. Pierce Hotel Co. v. Gorley, 137 Fla. 345, 188 So. 340; Zee v. Gary, 137 Fla. 741, 189 So. 34; Alex. Orr, Jr., v. Fla. Indus. Comm., 129 Fla. 369, 176 So. 172; Atlantic Marine Boat Yard v. Daniel, 138 Fla. 864, 190 So. 612.

In those cases this Court considered it had jurisdiction, or the *appeals* to this Court from the circuit court would have been dismissed, though certiorari from this Court to the circuit court might in such cases be a remedy under the Constitution, where there is no appeal or writ of error provided by law. See Sec. 4605, C. G. L. See also Prettyman, Inc., v. Fla. Real Estate Comm., 92 Fla. 515, 109 So. 442.

The question here is the Constitutional validity of the provisions of Chapter 18413, Acts of 1937, for such appeals to this Court from the circuit court.

The jurisdiction of the circuit court in statutory appeals from awards or orders of statutory administrative tribunals is not questioned, as the Constitution expressly provides that the circuit courts shall have original jurisdiction and

also appellate and supervisory jurisdiction of stated matters "and of such other matters as the Legislature may provide." Sec. 11, Art. V. See State *ex rel.* v. Duval County, 76 Fla. 180, 79 Sou. 692.

"Our State Constitution is a limitation upon power; and unless legislation duly passed be clearly contrary to some express or implied prohibition contained therein, the courts have no authority to pronounce it invalid."

"While constitutional jurisdiction can not be restricted or taken away, it can be enlarged by the Legislature in all cases where such enlargement does not result in a diminution of the constitutional jurisdiction of some other court, or where such enlargement is not forbidden by the Constitution." Headnotes 5, 6, Prettyman, Inc., v. Fla. R. R. Comm., 92 Fla. 515, 109 So. 442.

The Constitution provides that:

'The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in the circuit Courts." Sec. 5, Art. V. First Nat. Bank v. Bebinger, 99 Fla. 1290, 128 So. 862.

Such organic provision does not expressly or by implication exclude appellate jurisdiction of the Supreme Court in statutory proceedings that are within the jurisdiction of the circuit courts by the use of *statutory* appeals, any more than it would exclude such jurisdiction if the matter had "originated" in the circuit court by injunction, certiorari, prohibition, mandamus, or other writs of which the Circuit Courts have jurisdiction. Statutes express the law unless the Constitution is thereby violated; and statutes should be made effective if they reasonably may be interpreted to be not inconsistent with applicable constitutional provisions. Moreover where statutory administrative proceedings are had before administrative officers, boards, commissions or

other tribunals, with statutory appeals to the circuit courts, such proceedings may not appear in the judicial department of the State government as a judicial "case" until they are brought to the circuit court by appeals, therefore the "case" may fairly be regarded as "originating" in the circuit court through a statutory appeal from the administrative board as much as it would be so "originating" in the circuit court by injunction, certiorari, or other original writ. See 71 C. J. 1211, 1215; Mugge v. Warnell L. & V. Co., 58 Fla. 318, 50 So. 645.

The circuit courts have, under the Constitution, *final appellate* jurisdiction in stated matters arising in inferior tribunals, Section 11, Article V; but such stated *final* appellate jurisdiction does not apply to statutory proceedings in administrative tribunals. In the latter cases, circuit courts may by statute be given original or supervisory and appellate jurisdiction. Sec. 11, Art. V. Statutes prevail unless they clearly violate the Constitution. Section 5, Article V, does not forbid statutory appeals from circuit courts to the Supreme Court when the circuit court judgment is on appeal from an administrative board. Amendments have been made to Article V of the State Constitution of 1885 with a view to meet developments in statutory, judicial and administrative law which indicate an organic policy of expansion, rather than a contraction, in the exertion of judicial power by courts of this State; and original provisions of the Constitution should be interpreted in the light of the purpose of such organic amendments when the terms and clear intendments of the original organic provisions are not thereby violated. That is the situation here where a statutory appeal is provided for by Chapter 18413, Acts of 1937.

Section 5 of Article V does not expressly or by clear

implication forbid a statutory appeal from the circuit courts
to the Supreme Court in cases appealed to the circuit courts
from awards or orders of administrative boards or com-
missions. The express provision of Section 5, Article V,
of the Constitution that the Supreme Court shall have
appellate jurisdiction "of appeals from the circuit courts
in cases arising before judges of the county courts in
matters pertaining to their probate jurisdiction and in the
management of the estates of infants," does not by impli-
cation forbid statutory appeals to the Supreme Court from
adjudications of the circuit courts rendered on statutory
appeals from administrative orders made by statutory ad-
ministrative tribunals as authorized by statute not shown
to be clearly violative of the Constitution.

The provision of Section 11, Article V, that the circuit
courts shall have *final* appellate jurisdiction of stated classes
of cases in lower judicial courts, does not apply to statutory
appeals from orders of statutory administrative tribunals.
Section 11, Article V, also provides that "the circuit courts
shall have exclusive original jurisdiction in all cases at law
not cognizable by inferior courts." No court inferior to
the circuit court has original jurisdiction to review or en-
force the awards made by the Industrial Commission. That
jurisdiction is expressly conferred on the circuit courts by
the statute and the Constitution does not forbid appeals from
the circuit courts to the Supreme Court of cases in which
the Industrial Commission hears the evidence and makes
an award that may be re-heard, and enforced if a proper
award, only by a circuit court, which is the first *court* in
which the controversy may appear in the judicial depart-
ment. Such first appearance of the cause in a court is on
appeal from the administrative Commission to the circuit
court.

The Workmen's Compensation law does not clearly confer "judicial power" upon the Florida Industrial Commission in administering the law, as may be done under Section 1, Article V, as amended; and such Commission now has administrative authority and duties only. Though the Commission has some procedular authority which may be regarded as quasi judicial to be exerted as an incident to, and in aid of, the administrative authority conferred, such Commission is essentially an administrative body. It has no authorty to enforce its own orders or awards. This is done by the circuit courts in the exercise of original or supervisory jurisdiction under Section 11, Article V, Constitution. See statutory provisions in the Statement. First Nat. Bank v. Bebinger, 99 Fla. 1290, 128 So. 862.

Under the Act of 1935 the circuit courts were authorized to try *de novo* cases from the Industrial Commission. This authority was eliminated in the amendments of the Act by Chapter 18413, Acts of 1937 but such amendment does not change the real nature of the proceedings in the Industrial Commission as being essentially administrative and not judicial. Nor does the amendment affect the acquisition of jurisdiction by the circuit court through the medium of *statutory* appeals expressly provided for by the enactment.

Under Section 1, Article V, Constitution, as amended in 1914, statutes confer upon civil courts of record *judicial powers,* and "cases" arising in such *courts* are *judicial* in their nature and origin. The *statutes in effect* give circuit courts *final* appellate jurisdiction of cases arising in civil courts of record, as Section 11, Article V, of the Constitution gives circuit courts final appellate jurisdiction of cases arising in *stated inferior courts;* and the *statutes expressly provide* for review of circuit court judgments on appeal from civil courts of record to be by certiorari in the Supreme

Court. See Am. Ry. Express Co. v. Weatherford, 86 Fla. 626, 98 So. 820; A. C. L. R. R. Co. v. Fla. Fine Fruit Co., 93 Fla. 161, 112 So. 66; Postal Tel. Cable Co. v. Broome, 99 Fla. 272, 126 So. 149; State *ex rel.* v. Pattishall, 99 Fla. 296, 126 So. 147; Salario v. Latin Am. Bank, 104 Fla. 256, 139 So. 899.

Section 4605 (2900) C. G. L. provides that: "All proceedings to procure review by an appellate court of the proceedings of a lower court in cases at law shall be by writ of error, except in cases where certiorari or prohibition shall lie, or where it shall be otherwise expressly provided."

The Workman's Compensation Law, Chapter 18413, Acts of 1937, expressly provides for *an appeal* from the award of the Florida Industrial Commission (an administrative tribunal not vested with *judicial power*), to the circuit court *and* for *an appeal* from the circuit court to the Supreme Court. Such latter provision is not shown to violate Section 5, Article V, of the Constitution, though the judgment of the circuit court in such cases might be reviewed by the Supreme Court on certiorari if no statutory appeal be provided for. The apparent purpose of the statute is to have the judgments of circuit courts that are rendered on appeals from the Commission awards or orders reviewed by the Supreme Courts on writs of error to correct harmful errors, and not reviewed as on the discretionary constitutional writ of certiorari to quash the judgments if illegal or contrary to the essential requirement of the law with materially harmful results.

The exercise of jurisdiction under writ of certiorari is quite different from that exercised on appeal or writ of error. The former is a discretionary writ used to determine whether the essential requirements of the law have not been complied with to the material injury of petitioner. An

appeal or writ of error is taken as matter of right to have determined whether harmful error has been committed. See Jacksonville T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290; Harrison v. Frink, 75 Fla. 22, 77 So. 663; Brinson v. Tharin, 99 Fla. 696, 127 So. 313.

In American Railway Express Co. v. Weatherford, 84 Fla. 264, 93 So. 740, and 86 Fla. 626, 98 So. 820, this Court was considering the scope of judicial review by the Supreme Court on the common-law writ of certiorari when issued by this Court to the circuit court under Section 5, Article V, Constitution, where the judgment complained of was rendered in the civil court of record, and not an order made by an administrative commission and affirmed on appeal taken to the circuit court *under the statute*. See also State *ex rel*. v. A. C. & S. Co., 84 Fla. 123, 92 So. 871; Brinson v. Tharin, 99 Fla. 696, 127 So. 313. In those and other somewhat similar cases the statute *did not authorize* direct appeals or writs of error to the Supreme Court as in this case because the case *originated in a court* inferior to the circuit court, as to which the latter court was in effect given final appellate jurisdiction. In such cases review by the Supreme Court may be on certiorari. See Sec. 4605 (2900) C. G. L. See also Salario v. Latin-Am. Bank, 104 Fla. 256, 139 So. 899; State *ex rel*. v. Pattishall, 99 Fla. 296, 126 So. 147; Postal Tel.-Cable Co. v. Broome, 99 Fla. 272, 126 So. 149; A. C. L. R. Co. v. Fla. Fine Fruit Co., 93 Fla. 161, 112 So. 66.

The holding in this case is not inconsistent with the decision in State *ex rel*. v. City of Lakeland, 112 Fla. 200, 150 So. 508, 90 A. L. R. 704, or in Brinson v. Tharin, 99 Fla. 696, 127 So. 313. Chapter 18413, Acts of 1937, gives this Court appellate jurisdiction in this class of cases, and in doing so the statute does not violate Section 5, Article V,

Constitution. Whether the Court has acquired jurisdiction of this particular case depends upon the legal sufficiency of the appeal as entered, in the cause.

On March 31, 1938, the Florida Industrial Commission rendered and filed in its office an order denying the claims of the petitioners as beneficiaries of a deceased employee. An appeal to the Circuit Court was taken April 1, 1938, returnable June 27, 1938. The circuit court reversed the order of the Florida Industrial Commission on September 27, 1938. On October 21, 1938, there was filed the following:

"NOTICE AND ENTRY OF APPEAL

"South Atlantic Steamship Company of Delaware, a corporation, appellee in the above entitled cause, by its undersigned attorneys, hereby takes and enters this its appeal to the Supreme Court of the State of Florida from the order and Judgment entered in the above entitled cause by the Honorable Miles W. Lewis, Judge of said court, bearing the date of September 27, A. D. 1938, and filed in the office of the Clerk of said Circuit Court on said date, and said South Atlantic Steamship Company of Delaware, a corporation, makes this appeal returnable to said Supreme Court of Florida on the 7th day of January, A. D. 1939, and notice hereof is hereby given to the above named Sumter Tutson and Katie May Tutson, appellants.

"Dated this 21st day of October, A. D. 1938, at Jacksonville, Florida."

In his brief counsel for appellees calls attention to the fact that the record shows the notice and entry of appeal from the judgment of the circuit court dated September 27, 1938, to this Court was filed on October 21, 1938, and made returnable to this Court January 7, 1939, which return day

was more than ninety days from the date of the judgment rendered herein by the circuit court.

Amended Section 27 of the statute, as shown in the Statement, provides:

"The appeal shall be returnable from the Commission to the circuit court or from the circuit court to the Supreme Court to a day more than thirty days and not more than ninety days from the date of the judgment or award appealed from."

.After the rendition of the final order of September 27, 1938, by the Circuit Judge, he on October 20, 1938, made and signed the following order: "Counsel for South Atlantic Steamship Company of Delaware, a corporation, appellee in the above entitled cause, having represented to the court that the United States Fidelity & Guaranty Company, a corporation, is not a party to this cause and that said United States Fidelity & Guaranty Company, a corporation, was, through .inadvertance, named as one of the appellees in said cause, and the court having duly considered same and being fully advised in the premises, it is therefore, "CONSIDERED, ORDERED AND ADJUDGED that the order of this court made on the 27th day of September, A. D. 1938, in the above entitled cause be and the same is hereby amended by striking from the caption thereof, and from said order wherever same appears therein, the words 'United States Fidelity & Guaranty Company, a corporation,' and that said order solely insofar as United States Fidelity & Guaranty Company, a corporation, is concerned, is hereby declared to be null and void, but said order shall in all respects remain in full force and effect as entered against the appellee, South Atlantic Steamship Company of Delaware, a corporation."

Such amendment merely struck from the final order the

name of a corporation not a party to the cause, and the order is concluded by the following:

"* * * Said order solely insofar as United States Fidelity & Guaranty Company, a corporation, is concerned, is hereby declared to be null and void, but said order shall in all other respects remain in full force and effect as entered against the appellees, South Atlantic Steamship Company, of Delaware, a corporation."

There was no amendment of the final order of September 27, 1938, affecting the cause as brought to this Court. The cases cited by counsel, Robinson v. F. & M. Bank, 95 Fla. 940, 117 So. 393; Alabama Hotel Co. v. Mott Iron Wks., 86 Fla. 608, 98 So. 825, are not in point here.

The statute mandatorily requires the return day of the appeal to be "to a day more than thirty days and not more than ninety days *from the date* of the judgment or award appealed from;" not from the date of the entry of the judgment or order appealed from. . The order of the circuit court is required by the statute to be filed in the office of the Commission. The cause is a statutory proceeding, not an equity cause. The order was recorded in the Minute Book of the court, September 27, 1938.

In this case the judgment of the circuit court appealed from was dated September 27, 1938. The appeal was taken October 21, 1938, and made returnable January 7, 1939, which was more than ninety days from the date of the judgment appealed from.

While the potential appellate jurisdiction of courts is vested by the Constitution or by statute, such appellate jurisdiction must be invoked in particular cases by the use of the process of appeal of writ of error, or other means, as may be provided by controlling law in the particular classes of cases. If this is not done, the appellate court

does not acquire jurisdiction of the cause or of the parties thereto in particular cases, unless under the law the jurisdictional prerequisites to obtaining appellate jurisdiction may be and are waived as to the cause or as to the parties, or as to both, as the appellate process may be ineffectual to give appellate jurisdiction as to one or to both the cause and the parties. Provident Savings Bank & Tr. Co. v. Devito, 98 Fla. 1076, 125 So. 235; Dupree v. Elleman, and Weaver-Loughridge Lumber Co. v. Coleman, filed July 21, 1939; DeBogory v. Hafleigh, 81 Fla. 631, 88 So. 470; Wiley v. Hoggson, 89 Fla. 446, 105 So. 126; Sumner Lumber Co. v. Mills, 64 Fla. 513, 60 So. 757.

Amendments of an entry of appeal as to the return day thereof cannot be made if the time for taking the appeal has expired, at least unless the entry of appeal as originally filed, is sufficient in law to give the Court jurisdiction of the cause, and the parties all appear or consent to the amendment.

In this class of cases the statute mandatorily requires an appeal from the circuit courts to the Supreme Court to be returnable more than thirty days and not more than ninety days *from the date of the judgment* appealed from, not from the date of the appeal; and as a proper return day must be stated in the appeal as taken; this Court does not acquire appellate jurisdiction of a cause in which the appeal is made returnable to this Court more than ninety days from the date of the judgment of the circuit court from which the appeal to this Court is taken; and the appearance of the appellees in the cause in this Court by counsel cannot give this Court appellate *jurisdiction of the cause*.

As this Court has potential appellate jurisdiction in this class of cases, the motion to dismiss the appeal on the ground that under Section 5, Article V, of the Constitution,

the statute cannot confer upon this Court appellate jurisdiction by appeal in this class of cases, is denied; but as the appeal is made returnable on January 7, 1939, which is more than ninety days from the date of the judgment of the circuit court which was rendered September 27, 1938, this Court did not acquire appellate jurisdiction *of the cause,* and the appeal being legally ineffectual, is dismissed. Ayers v. Daniels, 67 Fla. 482, 65 So. 660.

It is so ordered.

TERRELL, C. J., and BROWN, BUFORD CHAPMAN and THOMAS, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—Even if it should be conceded that Section 5 of Article V defines and also limits the appellate jurisdiction of the Supreme Court, the statutory provision allowing appeals to this Court from the judgments of the Circuit Court reviewing awards made by the Florida Industrial Commission could be sustained as pointed out by Mr. Justice WHITFIELD upon the very reasonable theory that no "case" within the meaning of the Constitution came into existence until the award reached the circuit court for review. There, as a "case," it originated in the circuit court. The meaning of this word, as used in the Constitution, is set for the First National Bank v. Bebinger, cited in the foregoing opinion.