META M. JOHNSON, individually and as next friend and natural guardian of FRANCES ANNE MITCHELL, a minor, v. MIDLAND CONSTRUCTORS, INC., a corporation, NEW AMSTERDAM CASUALTY COMPANY, a corporation, and THE FLORIDA INDUSTRIAL COMMISSION.

9 So. (2nd) 726                      Division A
September 29, 1942

Miller & Fitzsimmons, for appellants.

McCarthy, Bond & Lane and William B. Bond, attorney for Appellees, Midland Constructors, Inc. & New Amsterdam Casualty Co., Walter E. Rountree, attorney for Appellee, Florida Industrial Commission.

ADAMS, J.:

We have before us a motion to dismiss an appeal. The appeal is from a judgment of the circuit court affirming an order of the Florida Industrial Commission. The order was dated July 29, 1942. It was filed in the office of the clerk of the circuit court July 30, 1942, and was filed in the office of the Florida Industrial Commission in Tallahassee on August 7, 1942. The notice of appeal was filed August 24, 1942.

The statute allows the appeal if taken within twenty days. Section 440.27 (3), Florida Statutes, 1941. The question is whether the twenty days begins to run from the time the order is filed in the office of the clerk of the circuit court or in the office of the Florida Industrial Commission in Tallahassee.

Section 440.27, Florida Statutes, 1941, Review of compensation orders:

"(12) Any interested party may appeal to the Supreme Court from such orders of the circuit court, within the same period of time and following the same procedure as is used in appeals from orders of the full commission to the circuit court."

Paragraph 3 of Section 440.27 provides for appeals to the circuit court as follows:

"If not in accordance with law, the compensation order or award of the full commission may be appealed by any party in interest to the circuit court in the the circuit where the injury occurred within twenty

days after the compensation order or award is filed *in the office of the commission in Tallahassee."*

We hold that the twenty day period for the taking of an appeal did not begin to run until the order was filed with the commission in Tallahassee on August 7, 1942.

The motion to dismiss is therefore denied.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.