**STATE OF FLORIDA ex rel. FLORIDA INDUSTRIAL COMMISSION and WILLIAM VESTER WARNER, v. CIRCUIT COURT OF DADE COUNTY, FLORIDA, GEORGE E. HOLT, PAUL D. BARNS, and ROSS WILLIAMS as Judges of said Circuit Court O'NEILL AND ORR BUILDING CORPORATION and MARYLAND CASUALTY COMPANY.**

16 So. (2nd) 433          January Term, 1944
January 28, 1944          Special Division B

*Walter E. Rountree* for Florida Industrial Commission, and *Wendell C. Heaton* for William Vester Warner, relators.

*Kurtz, Reed, Sappenfield & Cooper,* for respondents.

PER CURIAM:

This cause is before the Court on relators' motion for the issuance of a writ of prohibition absolute. It appears from the record that the rule nisi in prohibition having been previously issued was made returnable here on November 2, 1943. An answer or return thereto was filed by respondents O'Neill and Orr Building Corporation and Maryland Casualty Company, while the Honorable Ross Williams, Circuit Judge, accepted service and acknowledged receipt of a copy of the rule nisi. The time for showing cause as fixed by the rule nisi having expired and notice of this application for the issuance by this Court of a writ of prohibition absolute having been made and served on each of the respondents, or

their attorneys of record, and the Court now being fully advised of its judgment to be entered in the premises:

Subsection (4) of Section 440.27, Fla. Stats. 1941, provides:

"(4) An appeal from the order or award of the full commission to the circuit court shall be taken by filing a written notice with the commission. Said notice of appeal shall be served personally, or by mailing a true copy thereof by registered mail within five days after same is filed with the commission, to the attorneys of record for the interested parties, or to the interested parties, at the address used by the full commission in mailing the copy of its order or award. The notice shall fix the return day of the appeal. The appeal shall be returnable from the commission to the circuit court to a day more than thirty days, and not more than sixty days from the date the order or award appealed from is filed in the office of the commission." See South Atlantic Steamship Co. v. Tutson, 139 Fla. 405, 190 So. 675; Dupree v. Elleman, 139 Fla. 809, 191 So. 65; Johnson v. Midland Constructors, Inc., 151 Fla. 359, 9 So. (2nd) 726.

The record discloses that the order of the Industrial Commission is dated November 27, 1942, and was filed in the office of the Florida Industrial Commission on November 30, 1942. The statute supra requires that an appeal (applicable to the case at bar) should be made returnable more than thirty days and *not more* than sixty days from the time the award order was filed in the office of the Florida Industrial Commission at Tallahassee. The appeal as taken was made *returnable* February 10, 1943, some 73 days after the filing of the order in the office of the Florida Industrial Commission at Tallahassee, Florida, and not within the sixty day period fixed by statute. It therefore follows that the writ of prohibition absolute must be and the same is hereby granted.

It is so ordered.

BUFORD, C. J., BROWN, CHAPMAN and THOMAS, JJ., concur.